548 P.2d 1188

**The STATE of Arizona, Appellee,**

**v.**

**Verta Mae TUCKER, Appellant.**

**No. 2 CA–CR 741.**

Court of Appeals of Arizona,
Division 2.

May 3, 1976.

Rehearing Denied June 1, 1976.

Review Denied July 13, 1976.

Bruce E. Babbitt, Atty. Gen. by Heather A. Sigworth, Asst. Atty. Gen., Tucson, for appellee.

Mickey L. Clifton, Phoenix, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was an eligibility worker in the food stamp section of Casa Grande, Department of Economic Security. She was indicted by the Pinal County grand jury on April 7, 1975, and on July 28, 1975, after a jury trial, she was convicted of 13 counts of forgery, violations of A.R.S. § 13–421. Appellant was sentenced one to three years on each count, the sentences to run concurrently.

The state alleged from February 1974, through February 1975, appellant, while an employee of the State of Arizona, falsely initiated fictitious food stamp cases, certifying non-existent subjects and misappropriating the food stamps in an undetermined amount. At trial, appellant denied having signed the forms involved, and having illegally misappropriated food stamps.

Appellant contends the trial court erred in not granting a mistrial on the basis of the prosecutor's misconduct in physically exhibiting to a witness in the jury's presence certain photographs not admitted into evidence where the witness appeared to be identifying appellant before the trial. No objection was made by appellant's counsel, nor does the record clearly reflect what the supposedly prejudicial conduct

was. In appellant's written motion for a new trial, it was set forth that the prosecutor showed a prospective witness, "in full view of the jury," pictures of the person of the defendant. The state's response to the motion indicates that the jury could not have seen the pictures. In any event, the witness was not called and we are unable to glean from the record any prejudice to appellant.

We decline to address ourselves to appellant's arguments presented with respect to issues II, III and IV, since they are all directed to Count XI of the indictment on which appellant was acquitted. We see nothing in the points raised that would taint the proceedings, and there could be no possible prejudice to appellant with reference to Count XI in view of her acquittal.

■ At the close of the state's case, appellant twice moved for a directed verdict and the court twice reserved ruling on the motions and in fact never ruled on them. Appellant contends that the court's failure to rule on the motions constituted prejudicial error, putting her in the position of having to go forward without the benefit of the court's ruling. The state concedes that reservation of a ruling on a motion for directed verdict made at the close of the state's case is contrary to Rule 20, Rules of Criminal Procedure, 17 A.R.S., which provides:

> "On motion of a defendant or on its own initiative, the court shall enter a judgment of acquittal of one or more offenses charged in an indictment, information, or complaint after the evidence on either side is closed or immediately after the verdict of the jury, if there is no substantial evidence to warrant a conviction. The 'court's decision on the defendant's motion *shall not be reserved,* but shall be made with all possible speed." (Emphasis added)

Although it is clear there was error, it is equally clear that it was not prejudicial

and reversible error under the circumstances of this case. Appellant's counsel raised the issue of whether proof of violation of A.R.S. § 13–421 (signing a fictitious name with intent to defraud) would require proof that she had disposed of the food stamps she had acquired. The court asked for some law on this point, which the record does not reflect was ever received, and the court reserved its ruling on this issue alone. The record does not reflect that counsel ever requested that the court rule on the matter nor does the record reflect that the court was reminded that Rule 20, Rules of Criminal Procedure, did not permit the court's reservation of its ruling.

■ Showing that appellant had actually profited from her conduct is not necessary to prove the required intent. Intent to defraud may be proved circumstantially. *State v. Sianez,* 103 Ariz. 616, 447 P.2d 874 (1968). The crime is complete when the false signature is made with the requisite intent, and it is irrelevant whether any one is actually injured. *State v. Maxwell,* 95 Ariz. 396, 391 P.2d 560 (1964); *State v. Martin,* 2 Ariz.App. 510, 410 P.2d 132 (1966), rehearing den. 3 Ariz. App. 119, 412 P.2d 294 (1966).

■ The purpose of Rule 20 is to avoid forcing a defendant into going forward with his own evidence when the state's case is insufficient, thus risking convicting himself. Comment to Rule 20 (1973), and as effective prior to August 1, 1975; *State v. Villegas,* 101 Ariz. 465, 420 P.2d 940 (1966); *Jackson v. United States,* 250 F.2d 897 (5th Cir. 1958); *Cephus v. United States,* 117 U.S.App.D.C. 15, 324 F.2d 893 (1963); *Bennett v. People,* 155 Colo. 101, 392 P.2d 657 (1964). Since the court clearly should have denied the motion, no prejudice resulted from reservation of the ruling.

■ Appellant complains that the trial court erred in not granting a new trial on the basis of the prosecutor's expression of personal opinion as to her guilt. She re-

fers to the following remarks made during the prosecutor's opening statement:

"She is here because she in fact did forge all those signatures, and we will show it."

And the following made during argument:

". . . [T]he facts show her to be a liar, a hypocrite, a forger, a woman who would take food from hungry children. . . . There is only one verdict that is obvious here. That is guilty, guilty, guilty—fourteen times."

We do not find the trial court abused its discretion in not granting a new trial on the basis of the prosecutor's statements. *State v. Scott*, 24 Ariz.App. 203, 537 P.2d 40 (1975); *State v. Adams*, 1 Ariz.App. 153, 400 P.2d 360 (1965); *State v. Gonzales*, 105 Ariz. 434, 466 P.2d 388 (1970).

 Appellant's final complaint on appeal goes to the prosecutor's omission of the "intent to defraud" element in his closing argument. The jury was admonished, defense counsel reiterated the necessity of proof of intent to defraud, and the trial court correctly instructed the jury.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.