569 P.2d 236

**STATE of Arizona, Appellee,**

v.

**Jerry Walter DOROW, Appellant.**

**No. 3875.**

Supreme Court of Arizona,
In Banc.

Sept. 15, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edmund T. Allen, III, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant was convicted of armed robbery, a violation of A.R.S. §§ 13–641 and 13–643(B), and of wearing a mask or personal disguise, a violation of A.R.S. § 13–981. Jurisdiction is pursuant to 47(e), 17A A.R.S., Rules of the Supreme Court. Judgment affirmed.

In the early morning hours of December 7, 1975, appellant, together with Carmine DiGiacomo and Michael Gross, was arrested immediately following the robbery of a Circle K store. Both DiGiacomo and Gross testified for the State to the effect that appellant approached them separately and asked them to participate in the robbery. Gross also testified that he furnished appellant with a wig because appellant asked him for something to wear. He denied that he provided appellant with the stocking which appellant wore during the robbery. Gross acknowledged that he made a deal with law enforcement officers to report appellant's next planned robbery in return for their assistance in having a pending marijuana charge dropped. Gross called the police prior to the robbery and told them that it would occur that night. Gus Oviedo, a detective with the City of Phoenix Police Department, corroborated Gross' testimony regarding the deal the police made with

him, testifying that the three suspects were put under surveillance before the robbery and that this surveillance ended with their arrest.

Appellant admitted his involvement in the robbery and relied on the defense of entrapment, testifying that Gross suggested that he participate in the robbery and that he was given the wig and stocking to wear by Gross, but not at appellant's request. Appellant's defense of entrapment was corroborated by two witnesses, Joyce Gross and Michael Bradley, both of whom testified that it was Michael Gross who suggested the robbery. Joyce Gross was Michael Gross' sister and appellant's girl friend. Michael Bradley was a friend of all three participants in the robbery.

At the trial, appellant attempted to call Michael Gross' mother as a witness. The court sustained the prosecution's objection to her testifying as a sanction under Rule 15.7(a)(4), Rules of Criminal Procedure, because appellant had not disclosed that she would be called as a witness until the day the trial commenced. It is appellant's position on appeal that the sanction imposed by the trial court denied appellant a fair trial and it was therefore an abuse of the trial court's discretion.

Rule 15.7(a)(4) provides:

"If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with any provisions of this rule or any order issued pursuant thereto, the court may impose any sanction which it finds just under the circumstances, including, but not limited to:

\* \* \* \* \* \*

(4) Precluding a party from calling a witness, \* \* \*."

In *State v. Lawrence,* 112 Ariz. 20, 536 P.2d 1038 (1975), we said:

"The underlying principle of Rule 15 is adequate notification to the opposition of one's case-in-chief in return for reciprocal discovery so that undue delay and surprise may be avoided at trial by both sides. The rule, to be effective, must be applied with equal force to both the prosecution and the defendant." 112 Ariz. at 22, 536 P.2d at 1040.

This case is similar to *State v. Talley,* 112 Ariz. 268, 540 P.2d 1249. There, defense counsel informed the prosecution on the day of trial, as here, that he intended to call a particular witness to testify. We said that the defendant clearly violated Rule 15.2(c) of the Arizona Rules of Criminal Procedure and held that the court's exclusion of the witness' testimony was "just under the circumstance."

In the instant case, counsel told the court:

"She [Michael Gross' mother] called me yesterday morning and advised me that she did have information relevant to the case. \* \* \* I had no way of knowing that she would have any information regarding the case until she called me on the telephone. Her testimony does not in any way detail anything which is specific with regard to things that happened between, or happened in regard to the robbery itself. It entails with [sic] impeachment testimony about Michael Gross, her son."

The court responded:

"Well, I am going to grant the State's Motion to restrict her because Mrs. Gross has just been listed as a witness in this case and it is, as I understand it, the fact that you only found out about her yesterday, it is just too late in the proceedings."

We are unable to say from this colloquy that the court's ruling was prejudicial to appellant. No statement or offer of proof was made as to the material facts to which she could testify. Hence, even if we assume that the witness could not have reasonably been discovered before trial, it is not established that defendant was denied a fair trial.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.