580 P.2d 338
**STATE of Arizona, Appellee,**

v.

**Lianna FERGUSON, Appellant.**

No. 4182.

Supreme Court of Arizona,
In Banc.

June 5, 1978.

John A. LaSota, Jr., Atty. Gen., Bruce E. Babbitt, Former Atty. Gen., William J. Schafer, III, Chief Counsel, Criminal Division, Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Brice E. Buehler, Phoenix, for appellant.

GORDON, Justice:

Appellant was tried before a jury and convicted of two counts of armed robbery and one count of assisting in the escape of her husband, a prisoner in custody upon a charge of felony. Following the denial of her motion for a new trial, Ferguson appealed her convictions, and we have taken jurisdiction pursuant to 17A A.R.S., Rules of the Supreme Court, rule 47(e).

Two issues have been raised which concern: (1) the prosecutor's closing argument, and (2) the admission into evidence of statements made by Ferguson while in custody.

*Closing Argument*

 During his closing argument to the jury, the prosecutor presented the following contentions:

"Did [defense counsel] talk to you in this analogy, you heard about the Circle K and mere presence?"

"Did he talk to you about the fact that the getaway driver in an armed robbery is just as guilty as the people that pulled the armed robbery, because he is an aider and abetter?"

"Did he raise the analogy, show you you don't actually have to hold the gun to be guilty of an armed robbery?"

"If you are the one that enables the people to get in the car, to take off, get them escaped from the armed robbery, you are as much a part of the armed robbery as the one holding the gun."

The court overruled appellant's objection that the foregoing misstated the law. She now cites this as reversible error, contending the argument prejudiced her since it did not allude to the required element of intent.

By focusing on this small portion of the closing argument, appellant presents a distorted picture of the trial. During the quoted portion of the argument, the prosecutor was only discussing the *actus reus* of the crime rather than the *mens rea,* in an attempt to clarify a prior argument by one of the defense attorneys. As the prosecutor had previously explained the requirement of intent to the jury, and the court correctly instructed the jury on the elements of the crimes charged, we find no error. *See State v. Tucker,* 26 Ariz.App. 376, 548 P.2d 1188 (1976).

### *Appellant's Statements*

When appellant was cross-examined during the trial, she was impeached with questions referring to discrepancies between her testimony at trial and what she had told the police shortly after her arrest. Also, the state called a deputy sheriff to the stand for the limited purpose of rebutting a single answer by appellant. Although not claiming her statements were involuntary, she now asserts that a voluntariness hearing should have been held before these statements were used against her.

The first time appellant raised this issue was following the close of evidence. After settling the jury instructions in chambers, appellant moved for a mistrial based on this issue. The court denied the motion. Inasmuch as appellant had not made a motion to suppress prior to the trial, and did not object to the questions at trial, she waived her right to a voluntariness hearing. *State v. Finn,* 111 Ariz. 271, 528 P.2d 615 (1974); *State v. McGriff,* 7 Ariz.App. 498, 441 P.2d 264 (1968); Rule 16.1(c), 17 A.R.S. Rules of Criminal Procedure. Therefore, we find no error in the use of these prior statements for impeachment purposes. *See also Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

Having reviewed the record, we conclude that the state's closing argument and its use of appellant's prior statements for impeachment purposes were proper. Therefore, the judgment of the superior court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.