589 P.2d 461

The STATE of Arizona, Appellee,

v.

Charles Anderson WILLIAMS, Appellant.

No. 2 CA–CR 1350.

Court of Appeals of Arizona,
Division 2.

Nov. 16, 1978.

Rehearing Denied Dec. 27, 1978.

Review Denied Jan. 23, 1979.

Stephen D. Neely, Pima County Atty. by D. Jesse Smith, Deputy County Atty., Tucson, for appellee.

Eric Cahan, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was found guilty by a jury of first degree rape and sentenced to not less than five nor more than 15 years in the Arizona State Prison. He contends the trial court erred in denying his motion to suppress his statements to the police and by precluding him from presenting his defense of consent. We do not agree with his first contention. We are constrained, however, to hold that the trial court abused its discretion by prohibiting him from developing his defense.

The victim testified that she accepted appellant's offer of a ride home outside a local bar in the early morning hours of October 3, 1975. She further stated that appellant had confronted her on the street and that she accepted this ride because she was "scared" of him. Appellant did not take her home, but instead took her to a deserted area, dragged her into a field and raped her. He left her at the scene.

The crime was reported to the police and the victim gave the police appellant's description, his first name and also a detailed description of his vehicle, including the fact that a window knob was missing on the passenger side. The police had had prior contact with appellant in the automobile described and in the area of the bar. The victim's description fit appellant and his vehicle.

The police went to Williams' house where they found the vehicle which matched the victim's description down to the missing window knob on the passenger side. They knocked on the door and when appellant was summoned by a female that answered, they read him his "*Miranda*" rights. He agreed to waive them and answer questions. Appellant told the police that the car belonged to his "woman", that he had been driving it earlier that night in the downtown area and that he was the only one who was driving. He was then placed under arrest and taken to the police station.

While at the station appellant made further statements to the police in which he denied being in the area of the bar or picking up any females. He contends that his post-arrest statements to the police should not have been admitted into evidence since he was arrested without probable cause. We do not agree. The information received from the victim provided ample facts upon which to arrest appellant.

Rule 15.2(b), 17 A.R.C.P., provides:

"Within 20 days after the arraignment in Superior Court, the defendant shall provide the prosecutor with a written notice specifying all defenses as to which he will introduce evidence at trial, including, but not limited to, alibi, insanity, self-defense, entrapment, impotency, marriage, insufficiency of a prior conviction, mistaken identity, and good character. The notice shall specify for each defense the persons, including the defendant himself, whom he will call as witnesses at trial in support thereof. . . ."

The only defenses disclosed by the defendant were "alibi" and "did not commit the acts alleged". He also listed the witnesses for his alibi defense.

At the motion to suppress held on March 4, 1976, the victim testified that she went to the police station on the morning of October 3, 1975 and identified the automobile which the police had taken into custody. They wanted her to observe appellant in a lineup through a two-way mirror, but, because she did not want to look at him, they showed her a photographic lineup. She identified appellant's picture in the lineup as the person that raped her.

Appellant testified that at one point when the door of the interrogation room was open he saw a young lady turning her head around. He did not see too much and he just knew that she had reddish-looking hair. He was then asked:

"Q. Now, you have indicated that when you were in the interview room, that you saw a young woman with red hair?

A. Yes.

Q. Had you seen her anytime prior to that?

A. No, I didn't."

Defense counsel objected to the form of the questions but the objection was overruled as the questions had already been asked and answered. Counsel later made a motion to strike the questions and answers because he believed the questions were ambiguous and not relevant to the hearing. The trial court granted the motion on the grounds that the question was too broad and that the answer was ambiguous.

The trial commenced on April 8, 1976. The state called the victim as a witness and then introduced into the evidence appellant's statement wherein he denied that he picked up the victim and claimed that he was elsewhere. It also introduced into evidence the testimony of a fingerprint expert who had compared latent fingerprints taken from appellant's car with the victim's fingerprints. This expert testified that the prints were identical.

When the time came for appellant to present his evidence, the state made a motion in limine asking the court to preclude appellant from raising the defense of consent or, in the alternative, to reverse its ruling striking appellant's answers to the questions at the motion to suppress. The trial court, pursuant to Rule 15.7(a)(4), 17 A.R.C.P., ruled that appellant could not raise the defense of consent because he had failed to set forth that defense in the disclosure required by Rule 15.

Appellant took the stand in his own defense. He admitted that he lied to the police as to his whereabouts. He gave as a reason that he was afraid and did not want to get involved. His attorney was very circumspect in questioning him. On direct examination the only questions concerning consent were as follows:

"Q. Charles, you know that you heard Mr. Neely ask Barbara Ann Eager whether or not a man performed sexual intercourse with her without her consent?

A. Without her consent?

Q. Do you recall Mr. Neely asking that question to her twice?

A. Yes.

Q. Did you, on October 3rd—first of all, did you on October 3, 1975, rape . . Barbara Ann Eager?

A. No. No, I did not.

Q. Did you, on October 3rd, 1975, perform any act on Barbara Ann Eager without her consent?

A. No, I did not.

Q. Did you, on October 3rd, 1975, perform any acts on Barbara Eager with force?

A. No, no none whatsoever.

Q. Did you, on October 3rd, 1975, perform any acts against Barbara Ann Eager against her will?

A. No, none.

Q. On October 3rd, 1975, did you in any way perform an acts indicating or in any way choking Barbara Ann Eager?

A. No, definitely not."

Defense counsel, although he asked the foregoing questions, never established that appellant had even seen the victim on the night of the attack. The prosecutor was equally careful to avoid asking appellant whether he had seen the victim that night or otherwise connecting appellant with the victim for he was afraid if he did the issue of consent would be presented to the jury.

Appellant claims the trial court's ruling that he could not offer evidence on consent prevented him from fully presenting this defense, over and above the generalized questions and answers quoted above. He contended at trial, and does so now, that the statement "did not commit the acts alleged" includes the defense of consent. The trial court did not agree and neither do we. In fact, it is clear from defense counsel's own statements to the trial court that consent was never contemplated as a defense. He told the court that he thought his defense was alibi until the day the trial started. It seems clear to us, as it did to the trial court and to the prosecuting attorney, that up to and including the time when appellant testified at the March 4 motion to suppress, his defense was alibi.

■ The underlying principle of the criminal rule providing for discovery is adequate notification to the opposition of one's case in chief in return for reciprocal discovery so undue delay and surprise may be avoided at trial by both sides. To be effective, the criminal discovery rule must be applied with equal force to both prosecution and defendant. *State v. Lawrence*, 112 Ariz. 20, 536 P.2d 1038 (1975). Here, while the state may have been surprised, it was not prejudicial. Unlike the case of the defense of insanity, or impotency, or some of the other defenses which are required to be listed under Rule 15.2(b), 17 A.R.C.P. there would have been no delay in allowing appellant to present his defense of consent. This is especially so because it was necessary for the state in its case in chief to prove lack of consent. The state never contended that it would have been necessary to delay the trial or interview other witnesses in order to meet this newly-raised defense. The fact that the state made the motion in limine in the alternative is indicative of the lack of prejudice. The state's motion was based on general principles and not on any prejudice. We believe the trial court abused its discretion in excluding the defense rather than permitting the appellant to testify and allowing the state in turn to impeach him with his testimony at the suppression hearing.[1]

---

1. The testimony of a defendant who testifies at a pretrial motion to suppress evidence can be used if he testifies at trial concerning the same matters. See Rule 16.2(a)(4), 17 A.R.C.P.

We do not condone a defense attorney's failure to disclose to the state that he has a new defense. However, we can visualize a situation where a person, such as appellant, may lie to his attorney and not tell the truth in a prior court hearing because he is afraid he will never be believed. If then, at trial, he finally tells his attorney the truth, absent prejudice to the state, the defendant should not be precluded from presenting his defense.

Reversed and remanded for new trial.

RICHMOND, C. J., and HATHAWAY, J., concur.