596 P.2d 732

**The STATE of Arizona, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and the Honorable Judge Harry Gin, Judge of the Superior Court, Division XIV, Respondent,**

**and**

**Charles Anderson Williams, Real Party in Interest.**

**No. 2 CA–CIV 3270.**

Court of Appeals of Arizona, Division 2.

June 1, 1979.

Stephen D. Neely, Pima County Atty., and D. Jesse Smith, Deputy County Atty., Tucson, for petitioner.

Richard S. Oseran, Pima County Public Defender by Albert P. Dover, Asst. Public Defender, Tucson, for real party in interest.

## OPINION

HOWARD, Judge.

Real party in interest is presently awaiting retrial of a first-degree rape charge, his 1976 conviction having been reversed and a new trial ordered by this court. See *State v. Williams*, 121 Ariz. 218, 589 P.2d 461 (App.1978). Defense counsel has available from the first trial the following: a four-page statement given to the police by the rape victim, her deposition consisting of 118 pages and a transcript of her trial testimony consisting of approximately 200 pages. However, defense counsel filed a motion to depose the victim, claiming she would not cooperate in granting a personal interview; that the defense is "consent" which was not noticed at the previous trial and therefore testimony regarding consent was precluded, and that defense counsel is entitled to explore the victim's subsequent conduct and statements relating to the consent defense. The motion for deposition was granted as to the issues of consent and competency.

Rule 15.3(a)(2), Arizona Rules of Criminal Procedure, 17 A.R.S., permits the court to order the examination of any person except the defendant upon oral deposition if a party shows that the person's testimony is material to the case or is necessary to investigate the offense or prepare a defense adequately, that the person was not a witness at the preliminary hearing, and that he will not cooperate in granting a personal interview. We agree with the state that the motion for deposition should not have been granted.

It is true that the requirement in Rule 15.3(a)(2) that the victim not have been a witness at the preliminary hearing is met. The defendant was indicted by the grand jury. As pointed out in the comment to Rule 5.3 (nature of the preliminary hearing), the defendant is not entitled to depose any witness who has been examined at the preliminary hearing because the defendant is entitled to only one discovery opportunity. The comment to Rule 15.3 indicates possible application for exceptional relief by court order as to persons who have testified at the preliminary hearing. We do not

believe that this suggestion applies here. Discovery derived at a preliminary hearing is a very limited one. *State v. Bojorquez,* 111 Ariz. 549, 535 P.2d 6 (1975); *State v. Canaday,* 117 Ariz. 572, 574 P.2d 60 (App. 1977).

The victim's testimony at the first trial is certainly more than equivalent to her having testified at a preliminary hearing. Therefore, absent exceptional circumstances, the defendant could not invoke the discretion of the court to order her examination upon oral deposition. We do not believe that the defendant demonstrated that this was an exceptional case. The fact that defense counsel is different and has had no opportunity to personally observe the witness "live" does not satisfy this requirement. Although in *State v. Williams,* supra, we reversed because defendant was precluded from offering evidence on consent,[1] the victim was extensively cross-examined as to all the details leading up to, and including, the rape.

The record reflects that the former defense counsel had deposed the victim for two hours and in his closing argument to the jury dwelt at great length on the inconsistencies in her version of the events and the unlikelihood that she had not consented. This is not a situation where the issue of consent has not been explored. In fact, defense counsel argued at the conclusion of the state's case that when he pled that defendant did not commit the acts alleged in the indictment, he believed that was sufficient to raise an issue as to whether the alleged conduct was with the victim's consent.

We agree with the state that defense counsel fully explored the issue of consent in the prior proceedings. The only witness who was precluded from testifying as to this issue was the defendant himself. He will now have an opportunity to do so on retrial and has the additional advantage of knowing the victim's prior testimony on deposition and at trial. As to the victim's competency, it was not questionable merely because at the 1976 trial she admitted she was nervous, had sometimes been depressed prior to the incident, and for the preceding two years had smoked almost a pack of cigarettes per day.[2] We agree with the state that this deposition should not have been ordered and that appellate intervention is appropriate.

The respondent court's order for deposition is hereby vacated.

RICHMOND, C. J., and HATHAWAY, J., concur.

---

1. The preclusion sanction was implemented because defendant failed to disclose "consent" as a defense.

2. The purpose of this inquiry apparently was to counter the victim's testimony that she had been affected emotionally.