596 P.2d 1183

**The STATE of Arizona, Appellee,**

v.

**Roberto Gutierrez GONZALES aka Robert Gonzales Gutierrez, Appellant.**

**No. 2 CA–CR 1661.**

Court of Appeals of Arizona, Division 2.

June 6, 1979.

---

1. See *State v. Dessureault*, 104 Ariz. 380, 453 P.2d 951 (1969), cert. den. 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257.

**12**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Dennis C. Freeman, Asst. Attys. Gen., Phoenix, for appellee.

James K. Kerley, Bisbee, for appellant.

OPINION

HATHAWAY, Judge.

Appellant seeks reversal of his conviction of second-degree burglary claiming the trial court erred (1) in precluding him from testifying about his intoxication at the time of the offense and (2) in refusing to give an instruction as to lack of intent due to intoxication. We do not agree and affirm.

Rule 15.2(b), Rules of Criminal Procedure, 17 A.R.S., requires a defendant to disclose all defenses as to which he will introduce evidence at. trial. The comment to Rule 15.2 points out that the "notice of defenses" is intended to be a broad disclosure of the defendant's case, including his rebuttal of the state's case as well as his own "case-in-chief." Also, that the disclosure requirement goes considerably beyond notification of "affirmative defenses," but is limited to matters as to which the defendant will introduce evidence. Appellant listed "lack of intent" and "failure to prove elements" on his disclosure notice. He testified he had been drinking on the night in question, but the court did not allow him to testify as to how much he drank.

Rule 15.7(a)(4) permits the court to preclude a party from offering evidence or raising a defense. not disclosed when the discovery rules have been violated. Appellant concedes that the sanctions imposed for violation of discovery rules is committed to the trial court's discretion. *State v. Hunt*, 118 Ariz. 431, 577 P.2d 717 (1978). From the record before us, we are unable to ascertain the court's reason for imposing the sanction and therefore must presume that it had sufficient reason for exercising its discretion and not allowing appellant to testify as to his intoxication. *State v. Williams*, 113 Ariz. 442, 556 P.2d 317 (1976).

We do not agree with appellant that the notice given by him to the state that he would rely on lack of intent and failure to prove the elements was sufficient notice that he was asserting intoxication as a defense. The underlying principle of Rule 15 is adequate notification to the opposition of one's case-in-chief in return for reciprocal discovery so that undue delay and surprise may be avoided at trial on both sides. *State v. Dorow*, 116 Ariz. 294, 569 P.2d 236 (1977). Here, the prosecutor had no notice that appellant would attempt to show he was too drunk to form the requisite specific intent. Under these circumstances, we cannot say the trial court abused its discretion under Rule 15.7. *State v. Talley*, 112 Ariz. 268, 540 P.2d 1249 (1975); *State v. Scott*, 24 Ariz.App. 203, 537 P.2d 40 (1975). Furthermore, appellant made no offer of proof as to what his testimony would be, and therefore we are unable to say that the preclusion ruling was prejudicial to him. *State v. Dorow*, supra.

Inasmuch as there was no evidence of intoxication, we find no error in declining to instruct the jury on the effect of intoxication. Appellant testified that he had been drinking, but this was insufficient to require the giving of an instruction

thereon. *State v. Edgin*, 110 Ariz. 416, 520 P.2d 288 (1974).

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.