657 P.2d 871

**STATE of Arizona, Appellee,**

v.

**John Francis JESSEN, Appellant.**

No. 4982–2.

Supreme Court of Arizona,
In Banc.

Dec. 23, 1982.

Rehearing Denied Jan. 25, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Justice.

This is an appeal from a verdict and judgment of guilt to the crime of manslaughter, A.R.S. § 13–1103, and a sentence of seven and one-half years in prison. A.R.S. § 13–702. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 13–4035, and Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

We must answer the following issues on appeal:

1. Was denial of the defendant's request for a voluntariness hearing on his confessions at his second trial error when the voluntariness hearing had been waived at his first trial?

2. Was the court's refusal to allow the defendant to depose the state's witnesses who would not consent to be interviewed prior to his second trial a denial of his constitutional rights to effective assistance of counsel and confrontation of witnesses?

3. Was denial of the defendant's motion to depose the prosecutor and to call the prosecutor as a defense witness an abuse of the court's discretion?

4. Was admission of a lay witness' testimony on the victim's connection with organized crime reversible error?

The facts necessary to determining these issues are as follows. On 6 August 1979 the defendant shot James Ameche in the course of a pay dispute. The defendant claimed self defense, asserting fear of the victim owing to the latter's alleged association with organized crime. The defendant was convicted of first degree murder after a jury trial, and we reversed his conviction in *State v. Jessen,* 130 Ariz. 1, 633 P.2d 410 (1981), remanding the matter for a new trial.

The defendant received new counsel for his second trial and a number of pretrial motions were made and denied. The first motion was for a voluntariness hearing concerning defendant's statements to the police. The court denied the motion finding that the voluntariness issue had been waived at defendant's first trial. The defendant also moved to depose certain of the state's witnesses who had testified at the first trial but who refused to be interviewed by defendant's new attorney before the second trial. The motion to depose these witnesses was denied.

The prosecutor at both trials had been present during the interrogation of the defendant, along with two detectives, during which questioning the defendant made inculpatory statements. Defendant moved to depose the prosecutor before the second trial, and to call the prosecutor as a witness at that trial. Both motions were denied.

At the trial, the defendant testified that he feared the victim because of his violent nature and "Mafia connections." Ronald Meyers, a business associate of the victim, testified as a state's rebuttal witness. Meyers stated that he formed the opinion that the victim was neither prone to violence or Mafia-connected after the victim's death, based on conversations held with associates in the Phoenix area computer programming industry, of which the victim was a part and in which he was well known. The defendant moved to strike Meyer's testimony as being improper rebuttal and irrelevant. The motion was denied.

On 30 December 1981, the jury found defendant guilty of manslaughter, a class three felony. On 29 January 1982, defendant was sentenced to seven and one-half years imprisonment, and this appeal followed.

## VOLUNTARINESS DETERMINATION

■ Defendant first contends that the trial court's denial of his pretrial request for a hearing on the voluntariness of his inculpatory statements to the police was error. At the first trial, the question of the voluntariness of defendant's statements was waived. At the second trial, the question of voluntariness was raised by defendant's new counsel, and the court refused to order a voluntariness hearing, stating "The issue of voluntariness was waived by competent counsel * * * it appears to have been waived for the purpose of the entire case. * * * I don't see any legal basis for ordering a voluntariness hearing at this time, so the request for the voluntariness hearing is denied." We believe the trial court was in error.

The United States Supreme Court has ruled that "Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity." *Sims v. Georgia,* 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593, 598 (1967). We have made it clear that once raised, the court must make a separate determination of voluntariness of a statement of the defendant, *State v. Owen,* 96 Ariz. 274, 394 P.2d 206 (1964), and:

"* * * the trial court must make a specific determination of voluntariness before the statements may be considered by the jury. * * *

"The purpose of these rulings is to assure that the trial court makes a separate and definite threshold determination of admissibility before allowing the jury to consider the evidence." *State v. Dalglish,* 131 Ariz. 133, 137, 639 P.2d 323, 327 (1982).

The fact that defendant, by not raising the issue, may have waived his right to a voluntariness hearing, see *State v. Ferguson,* 119 Ariz. 200, 580 P.2d 338 (1978), at the first trial does not discharge the trial court's obligation at the second trial to make a specific determination on the record as to the defendant at the second trial. See *Dalglish,* supra; A.R.S. § 13–3988(A). The trial court was in error in refusing to grant defendant's motion for a voluntariness hearing.

We need not, however, reverse the conviction. We have in the past, where appropriate, remanded the matter for the limited purpose of holding a hearing on the voluntariness issue alone. *State v. Mileham,* 100 Ariz. 402, 415 P.2d 104 (1966). We have said that "[e]ach case must stand on its own facts as to whether it should be remanded to the trial judge for a limited hearing to determine whether a confession is voluntary or whether a new trial should be granted." *State v. Simoneau,* 98 Ariz. 2, 7, 401 P.2d 404, 408 (1965). The facts of this case do not convince us that more than a limited hearing on the voluntariness issue is required.

We therefore remand the case to the Superior Court of Maricopa County for the limited purpose of holding a hearing to determine the voluntariness of the defendant's statements. *State v. Mileham,* supra.

## WITNESS DEPOSITIONS

The defendant contends that the trial court's refusal to allow him to depose several state's witnesses denied him the United States Constitution's Sixth Amendment rights of effective assistance of counsel and confrontation of witnesses.

Admittedly, the defendant was not allowed to depose the witnesses. He did, however, receive copies of all statements that the witnesses made to the police and prosecutor, and had the transcript of the direct and cross-examination testimony given by the witnesses at the defendant's first trial. The defendant was retried on the identical first degree murder charge, and there was no substantial change in the evidence presented by the state between the first and second trials. Rule 15.3, Arizona Rules of Criminal Procedure, 17 A.R.S., states:

"Rule 15.3 Depositions

"a. Availability. Upon motion of any party or a witness, the court may in its discretion order the examination of any person except the defendant upon oral deposition under the following circumstances:

\*       \*       \*       \*       \*       \*

"(2) A party shows that the person's testimony is material to the case or necessary adequately to prepare a defense or investigate the offense, that he was not a witness at the preliminary hearing, and that he will not cooperate in granting a personal interview * * *."

The primary interest secured by the Sixth Amendment confrontation clause is the right of cross-examination. *State v. Dunlap,* 125 Ariz. 104, 608 P.2d 41 (1980). Rule 15.3, supra, is intended to help effectuate this right. We have held that there is no abridgement of this right so long as the accused is afforded the opportunity to cross-examine adverse witnesses at some stage of the proceedings. *State v. Head,* 91 Ariz. 246, 371 P.2d 599 (1962). Where, as here, each of the state's witnesses has been thoroughly cross-examined by defendant's counsel during the first trial, neither the Sixth Amendment nor the rules of criminal procedure require the taking of depositions. *State v. Superior Court,* 122 Ariz. 594, 596 P.2d 732 (App.1979). The witness' testimony at the first trial was "more than equivalent to her having testified at a preliminary

hearing." Id. at 596, 596 P.2d at 734. Also, the fact that the new defense counsel at the second trial had no opportunity to personally observe the witness' demeanor is insufficient to require deposition of the witnesses. *State v. Superior Court,* supra.

The trial court did not abuse its discretion in denying the defendant's Rule 15.3 motion to depose the state's witnesses. *State v. Superior Court,* supra.

## PROSECUTOR AS WITNESS AND DEPONENT

■ The defendant next contends that he was entitled to depose the prosecutor under Rule 15.3 and to call him as a witness at his trial, consistent with our constitutional provision for the compulsory attendance of witnesses. See Ariz. Const. art. 2, § 24. Defendant wished to show discrepancies between the state and defendant's versions of the events surrounding the making of defendant's inculpatory statements to the police. Defendant argues that the trial court's failure to order the prosecutor's deposition and attendance as a witness was a constitutional violation requiring reversal of his conviction. We do not agree.

Admittedly the prosecutor was present, along with two police officers, at the time the statements were made, and there were inconsistencies between the accounts given by the defendant and the officers at the first trial. But the testimony of the officers was basically consistent. The prosecutor, moreover, avowed to the court that he was never alone with the defendant during the interrogation period. Thus two other witnesses were available to testify from their notes, the only memorial made of the interrogation, as to the prosecutor's discussion with the defendant. The testimony of the prosecutor would have been cumulative of the testimony of the officers. Defendant has shown no issues concerning the interrogation on which the prosecutor would have been the only person to offer evidence. We have stated that

> "It is within the discretion of the trial court to decide whether a defendant may require a prosecuting attorney to testify

in his behalf. (citation omitted) Calling a prosecutor as a witness for the defendant inevitably confuses the distinctions between advocate and witness, argument and testimony, and should be permitted only if required by a compelling need. (citations omitted)" *State v. Tuzon,* 118 Ariz. 205, 208, 575 P.2d 1231, 1234 (1978).

■ Rule 15.3(a)(2) of the Arizona Rules of Criminal Procedure, supra, requires that the defendant seeking a deposition show "that the person's testimony is material to the case or necessary adequately to prepare a defense or investigate the offense." It does not follow that the prosecutor is a material witness merely because he was present at the interrogation. The defendant must show the materiality of the witness, and make at least a preliminary showing that the prosecutor's testimony might result in exonerating the defendant to establish materiality. The defendant did not show any basis for inconsistencies between his own and police accounts of the interrogation, and did not suggest how the prosecutor's deposition might clarify the matter, as by impeaching the officers' testimony. The defendant asserts only that he was entitled to explore the prosecutor's recollection to determine whether any favorable evidence could be obtained. We do not believe that defendant has shown that he was prejudiced by denial of his requests to depose or to call the prosecutor as a witness. We find no abuse of trial court discretion.

## REPUTATION EVIDENCE

Defendant's final contention is that the trial court erred in admitting the testimony of Ronald Meyers, a business associate of the victim, that the victim had no connections with organized crime. The ground for our reversal of the defendant's first conviction was that the police detective who testified as a rebuttal witness to the defendant's charge that the victim had a violent character as evidenced by his "Mafia" associations gave an opinion that was rank hearsay.

*State v. Jessen,* supra. The detective's "opinion" was based not on personal knowledge of the victim's character or reputation, but exclusively on information gathered by two other detectives who did not testify and did not know the victim personally or by reputation. The detective was thus relaying information gleaned by others not subject to cross-examination. *State v. Jessen,* supra.

◼ In the instant case, Meyers knew the victim before his death, and formed his opinion as to the victim's lack of criminal connections after the victim's death by questioning others in the computer industry of which victim was a part. Defendant claims that Meyers committed the same transgression as did the police officer: relying upon information gleaned from others not subject to cross-examination. We do not agree. Our rules of evidence state:

"Rule 404. * * *

"(a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion except:

     *     *     *     *     *     *

(2) Character of victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

     *     *     *     *     *     *

"Rule 405. Methods of Proving Character

"(a) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. * * * " Rules 404 and 405, Rules of Evidence, 17A A.R.S.

Reputation evidence is the traditional method by which character is proved. The reputation witness on rebuttal must be able to testify that he has heard others in a relevant community speak about the character trait in issue. If the witness has first hand knowledge of what others are saying about the victim's reputation, based on conversations in the relevant community, then he is competent as a reputation witness. See Rule 803(21). Rule 405(a) also expressly permits lay opinion testimony on character. See also Rule 701.

In the instant case, witness Meyers had six face to face meetings with the victim during the year's duration of their business relationship, and had an average of two telephonic contacts monthly with the victim prior to his death. During this business relationship, Meyers testified, he had never heard anything to indicate that the victim was associated with organized crime, and he had not had any reason therefore to form an opinion on that matter. After the defendant's first trial, however, he "made it a point to find out myself by talking to as many people as I could that were in the [computer programming] industry in the Valley to see if they had ever heard of any such information."

◼ Meyers' opinion that the victim had no ties to organized crime was grounded in the community's silence as to that aspect of the victim's character. A witness may testify that he has heard nothing adverse if he was so situated that he would have heard adverse comments regarding reputation. *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). A person in the same industry or profession would be in a position to know the reputation of a person in that industry or profession. Meyers' testimony was therefore admissible to disprove the victim's alleged connection with organized crime. Rules 405(a) and 701, Arizona Rules of Evidence. We note that it would have been more technically correct to introduce Meyers' information as "reputation" evidence rather than "opinion," Rule 405, based upon his personal knowledge of

the victim. But the form of presentation did not bring before the jury inadmissible evidence, so the defendant was not prejudiced by the manner in which the testimony was introduced. We find no error.

The matter is remanded to the trial court with directions to conduct a hearing to determine the voluntariness of defendant's statements within 60 days of the issuance of the mandate herein. The findings of the trial court will be promptly transmitted to the clerk of this court and either party will have 20 days therefrom to file any objection to the determination of the trial court.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.