478

857 P.2d 1332

**The STATE of Arizona, Appellee,**

v.

**J.D. JAMES, Appellant.**

**No. 2 CA–CR 92–0909.**

Court of Appeals of Arizona,
Division 2, Department B.

Aug. 17, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie and R. Wayne Ford, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Judy Lutgring, Tucson, for appellant.

**OPINION**

HATHAWAY, Judge.

Appellant was convicted of aggravated driving while under the influence of intoxicating liquor, a class five felony, and placed on probation for three years with the condition that he serve six months in prison. On appeal, he contends that the trial court erred in delaying a ruling on his motion for directed verdict of acquittal and in denying his motion for new trial. We disagree and affirm.

■ At the close of the state's case, the trial court obliquely noted before the jury "a motion made at this time by the defense, and giving it full force and effect, the argument to be made at a later time." The trial court did not rule on the motion until after appellant had presented his defense and the jury had begun deliberations. Noting that Rule 20 motions are intended to be ruled on expeditiously so that a defendant is not forced to present his case when the state's case is insufficient, *State v. Tucker,* 26 Ariz.App. 376, 548 P.2d 1188 (1976), appellant claims he was prejudiced. Having failed to object or to request a timely ruling, however, he has waived the issue on appeal. *State v. Villegas,* 101 Ariz. 465, 420 P.2d 940 (1966).

Appellant next argues that the trial court should have granted his motion for new trial which was based on juror misconduct. Ariz.R.Crim.P. 24.1(b)(3), 17 A.R.S. The motion was supported by the jury foreman's affidavit which stated, among other things, that 1) the jury had discussed appellant's failure to testify and that this was "crucial" to their deliberations; 2) the jury applied the wrong standard of proof, not agreeing that the state had proved its case beyond a reasonable doubt, but believing that "if there was a possibility that the defendant was driving under the influence, we should return a guilty verdict to get him off of our roads"; and 3) the foreman perjured herself by swearing to follow the court's instructions, including returning a verdict of not guilty unless the state

proved guilt beyond a reasonable doubt, and then convicting on a lesser standard.

We reject the first instance of alleged juror misconduct based on our decision in *State v. Callahan*, 119 Ariz. 217, 580 P.2d 355 (App.1978), and we decline appellant's invitation to revisit that decision. The second instance is similarly addressed under analogous circumstances in *State v. Mauro*, 159 Ariz. 186, 206, 766 P.2d 59, 79 (1988) ("Juror misunderstanding of instructions is not one of the grounds of misconduct listed in rule 24.1(c)(3).... Information concerning how a particular juror viewed the burden of proof relates to the juror's mental processes.").

■ The third point raised by appellant also pertains to the jurors' mental processes and is therefore not the proper subject of a motion for new trial. In any event, we disagree that the juror committed perjury. First, by express language, Rule 24.-1(c)(3)(iii) only addresses perjury committed "during the voir dire examination." Second, unlike the oath administered before voir dire requiring prospective jurors to "answer truthfully all questions concerning their qualifications," *see* Rule 18.5(a), the jury empanelment oath does not require a sworn statement within the meaning of the perjury statutes. *See* A.R.S. §§ 13–2701, 13–2702. Empaneled jurors simply swear or affirm that they will "give careful attention to the proceedings, abide by the court's instructions, and render a verdict in accordance with the law and evidence...." *See* Rule 18.6(b). Thus, while we cannot condone the alleged conduct in question here, it does not constitute perjury and the trial court did not err in denying the motion for new trial on this ground.

We have reviewed the entire record for fundamental error and have found none. We therefore affirm.

DRUKE, C.J., and ESPINOSA, P.J., concur.