NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOEL JONATHAN DIAZ, *Appellant*.

No. 1 CA-CR 23-0497
FILED 01-07-2025

Appeal from the Superior Court in Maricopa County
No. CR2021-001398-001
The Honorable David W. Garbarino, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey D. Ball
*Counsel for Appellee*

Michael P. Denea, PLC, Phoenix
By Michael P. Denea, Kevin Myer
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge David D. Weinzweig joined.

---

**M O R S E**, Judge:

**¶1**         Joel Diaz appeals his conviction and sentence for one count of sexual assault, arguing the superior court erred by (1) restricting his expert witness's testimony and (2) denying his request for an instruction pursuant to *State v. Willits*, 96 Ariz. 184 (1964).  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         In July 2020, Diaz traveled from California to Arizona for his cousin's birthday party.  After the party, Diaz entered his cousin's room and sexually assaulted his cousin's girlfriend ("S.M.").[1]  After the assault, a sexual-assault nurse examiner ("SANE") examined S.M. and collected blood and urine samples from her.

**¶3**         When the police interviewed him at the home, Diaz said he did not remember assaulting S.M. Diaz said he only had "a couple beers and liquor," stayed up with his family, and only remembered waking up on the couch.  The police then arrested Diaz.

**¶4**         Police interviewed Diaz again at the station.  Diaz told the officer he had no memory of the reported assault.  Another SANE took swabs from Diaz's hands and mouth to match the DNA with S.M., but did not collect blood and urine samples.  The State charged Diaz with two counts of sexual assault.

**¶5**         Before trial, Diaz disclosed his defense, "lack of voluntary action," contending he was sleepwalking and did not voluntarily assault S.M.  Diaz did not disclose an involuntary-intoxication defense.  The State moved to preclude Diaz's expert's testimony, arguing Diaz did not sufficiently disclose the basis for the expert's opinions and Diaz repeatedly failed to comply with court-imposed-disclosure deadlines.

---

[1]     We use victim identifiers in place of the victims' names to protect their identities.  Ariz. R. Sup. Ct. 111(i).

¶6          The reviewing judge restricted Diaz's expert's testimony, preventing him from opining that Diaz experienced sleepwalking or sexsomnia. After Diaz moved for reconsideration, the judge permitted his expert to testify about Diaz's potential sleepwalking condition. But because Diaz had failed to disclose all evidence related to his expert's opinion, the judge precluded his expert from testifying that he had "eliminat[ed] other mental conditions."

¶7          At trial, a juror asked whether Diaz was under the effects of "GHB," commonly referred to as the "date-rape drug." The lead detective testified that Diaz never suggested he had been involuntarily drugged. The same juror asked Diaz's expert similar questions about involuntary intoxication, and the State objected. The State argued the juror's question was irrelevant because Diaz never disclosed involuntary intoxication as a defense. The court heard argument and declined to allow the juror's question.

¶8          Later, Diaz attempted to raise an involuntary-intoxication defense mid-trial. The State filed a motion in limine, arguing that Diaz did not properly disclose involuntary intoxication as a defense under Arizona Rule of Criminal Procedure ("Rule") 15.2, and that Diaz's expert had not disclosed the basis of his tests and conclusions. Diaz's counsel acknowledged that involuntary intoxication had not been noticed as a defense. The superior court reaffirmed the order and precluded the defense.

¶9          Before the court finalized jury instructions, Diaz requested a *Willits* instruction whereby the jury could draw an adverse inference from the State's failure to take and preserve his blood sample. Diaz argued that because he told police that he did not remember the assault, officers should have known that he would present an involuntary-intoxication defense at trial and taken a blood sample from him after his arrest. The State opposed the *Willits* instruction, arguing the police had no reason to anticipate the defense and preserve Diaz's blood. The court denied Diaz's request, finding it was not "appropriate or reasonable" to believe the police should have anticipated Diaz would argue such a defense.

¶10          The jury found Diaz guilty of one count of sexual assault and the court sentenced him to six years in prison. Diaz timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-120.21(A)(1).

## DISCUSSION

**¶11** On appeal, Diaz argues: (1) disclosure of a "lack of a voluntary act" defense was enough to place the State on notice that he would argue involuntary intoxication at trial; (2) the superior court erred in limiting his expert witness's testimony; and (3) the superior court erred in denying his request for a *Willits* instruction. We address each issue in turn.

## I. Disclosure Statement.

**¶12** Diaz argues his Rule 15.2 disclosure—that he acted involuntarily—was sufficient to notify the State that he would present an involuntary-intoxication defense. He contends the superior court erred by sanctioning him for the non-disclosure. We disagree.

### A. Sufficient Notice.

**¶13** We interpret the Arizona Rules of Criminal Procedure de novo. *State ex rel. Thomas v. Newell*, 221 Ariz. 112, 114, ¶ 7 (App. 2009). We look first to the plain language of the rule because that is "the best and most reliable index of [the rule's] meaning." *State v. Hansen*, 215 Ariz. 287, 289, ¶ 7 (2007) (quoting *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296, ¶ 8 (2007)).

**¶14** Rule 15.2(b)(1) requires broad disclosure of "*all* defenses the defendant intends to assert at trial." (Emphasis added.) The notice includes disclosure of defenses for both "his rebuttal of the state's case as well as his own 'case-in-chief,'" and "goes considerably beyond notification[s] of 'affirmative defenses.'" *State v. Gonzales*, 123 Ariz. 11, 12 (App. 1979).

**¶15** Diaz's disclosure did not notify the State that he intended to present an involuntary-intoxication defense. Diaz contends his disclosed defense, lack of a voluntary act, is synonymous with involuntary intoxication and was sufficient to notice both defenses. We disagree. We have previously held that the disclosed defenses of "lack of intent and failure to prove the elements" did not raise "intoxication" as a defense. *Id.* In this context, and as Diaz asserted at trial, his defense was based on involuntary acts, which are "'knee-jerk reflex[es] driven by the autonomic nervous system'" like "'bodily movement[s] while unconscious, asleep, under hypnosis, or during an epileptic fit.'" *State v. Moody*, 208 Ariz. 424, 468, ¶ 199 (2004) (quoting *State v. Lara*, 183 Ariz. 233, 234 (1995)). Involuntary intoxication occurs when one unknowingly ingests an intoxicating substance. *See State v. Edmisten*, 220 Ariz. 517, 520, ¶ 5 (App. 2009) (discussing involuntary intoxication when the defendant had

involuntarily ingested "two Ecstasy pills").  These are two different defenses and, until the juror asked the question, Diaz had not suggested, in any manner, that involuntary intoxication was at issue.

**¶16**         Diaz also argues that, because involuntary intoxication is not an affirmative defense, Rule 15.2 did not require him to disclose it.  But Rule 15.2(b)(1) mandated that Diaz disclose "all defenses" he intended to use at trial, and we have previously held that Rule 15.2 is not limited to affirmative defenses.  *See Gonzales*, 123 Ariz. at 12 (noting Rule 15.2 is broad, not limited to affirmative defenses, and requires disclosure of "all defenses" the defendant will use at trial).

**¶17**         Because Diaz did not disclose an involuntary-intoxication defense, as his counsel acknowledged during trial, the State was not on notice.  *See id.*; *cf. State v. Williams*, 121 Ariz. 218, 220 (App. 1978) (finding defendant's disclosure that he "did not commit the acts alleged" did not allow him to raise a "consent" defense).

## B.  Sanction for Non-Disclosure.

**¶18**         Diaz argues the court improperly sanctioned him for his non-disclosure when it restricted his expert's testimony.

**¶19**         "The choice of the appropriate sanction for the violation of discovery rules is within the trial court's sound discretion and will not be reversed absent an abuse of discretion."  *State v. Lukezic*, 143 Ariz. 60, 69 (1984).  Sanctions for nondisclosure include "precluding or limiting a witness, the use of evidence, or an argument supporting . . . [the] defense."  Ariz. R. Crim. P. 15.7(c)(1).  But "[p]reclusion as a sanction should be invoked only when other less stringent sanctions are not applicable to effect the ends of justice."  *State v. Alder*, 146 Ariz. 125, 130 (App. 1985).

**¶20**         Diaz contends the superior court should have used a less restrictive sanction.  We discern no abuse of discretion.  *See State v. Naranjo*, 234 Ariz. 233, 244, ¶ 47 (2014) (holding that harsher sanctions are permissible "if the record demonstrates [the superior court] *could have found* lesser sanctions insufficient").  Diaz failed to comply with court-imposed disclosure requirements and failed to share the methods and data his expert used.  And, despite these failures, the court allowed his expert to testify about a possible sleepwalking condition in support of the involuntary-act defense and only restricted his expert's testimony about a lack of other conditions.  *See id.* at ¶¶ 44, 47 (upholding the superior court's decision to limit defendant's expert's testimony and denying defendant's argument that a continuance was an appropriate, less restrictive sanction because it

was unclear if a continuance would "suffice to allow the State to review" an expert's assessment after an untimely disclosure).

**¶21** Accordingly, because Diaz violated the disclosure requirements, *see supra* ¶¶ 14–17, the superior court did not abuse its discretion in restricting his expert's testimony. *See State v. Burns*, 237 Ariz. 1, 24, ¶ 95 (2015) (allowing the restriction of expert testimony when the prosecutor had no chance to review the expert's analysis, the defense had not disclosed the expert's analysis before trial, and the expert could testify about other issues); *Naranjo*, 234 Ariz. at 245, ¶ 53 (finding no abuse of discretion for restricting testimony when an expert did not disclose data because the State had "no fair opportunity to refute" the testimony); *State v. Ramos*, 239 Ariz. 501, 505, ¶¶ 12–13 (App. 2016) (allowing the preclusion of an alibi witness due to untimely disclosure); *Alder*, 146 Ariz. at 130 (affirming the preclusion of a defense when defendant disclosed "an entirely new line of defense the day before the trial").

## II. *Willits* Instruction.

**¶22** Diaz contends the superior court abused its discretion by declining his request for a *Willits* instruction. We review the denial of a *Willits* instruction for an abuse of discretion. *State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 7 (2014).

**¶23** A defendant is entitled to a *Willits* instruction when: "(1) the state failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused, and (2) there was resulting prejudice." *Id.* at ¶ 8 (quoting *State v. Smith*, 158 Ariz. 222, 227 (1988)). A "tendency to exonerate" requires more than speculation about whether "the evidence might have been helpful." *Id.* at ¶ 9. Further, the State must preserve evidence it is aware of that is "obviously material and reasonably within its grasp." *State v. Perez*, 141 Ariz. 459, 463 (1984). Evidence is "obviously material" when the State relies on it as part of the investigation or knows the defendant would use it in his or her defense. *State v. Hernandez*, 250 Ariz. 28, 32, ¶ 12 (2020). "[T]he state does not have an affirmative duty to seek out and gain possession of potentially exculpatory evidence," *State v. Rivera*, 152 Ariz. 507, 511 (1987), "nor does it have a duty to gather evidence for a defendant to use in establishing a defense," *Hernandez*, 250 Ariz. at 32, ¶ 11.

**¶24** The State had no duty to obtain a blood sample from Diaz because intoxication is not an element of sexual assault. *See* A.R.S. § 13-1406; *Rivera*, 152 Ariz. at 512 (holding the State has no duty "to gather blood

alcohol evidence for the defense" when "intoxication is not an element of the crime").

**¶25**        And Diaz never informed police, the court, or the State he intended to use an involuntary-intoxication defense.  Indeed, Diaz never suggested someone had involuntarily drugged him or implied that a blood sample would be necessary for his defense.  Further, the only facts presented at trial that could have supported an involuntary-intoxication defense were questionable.  For example, there was no evidence suggesting that any substances that could have caused Diaz to be involuntarily intoxicated were present or in use at the party.  *See State v. Fulminante*, 193 Ariz. 485, 503, ¶ 63 (1999) (affirming the denial of a *Willits* instruction when it was "highly questionable" that the evidence was exculpatory); *State v. Davis*, 205 Ariz. 174, 180, ¶ 38 (App. 2002) (affirming the denial of a *Willits* instruction because defendant's claim that the items may have produced exculpatory evidence was "sheer speculation").

**¶26**        Because the State had no reason to suspect Diaz's defense would require a blood sample, the superior court did not abuse its discretion in denying his request for a *Willits* instruction.  *See Hernandez*, 250 Ariz. at 33, ¶ 19 (denying a requested *Willits* instruction because police "had no knowledge that [the defendant] would later assert" an alternate defense); *State v. Tyler*, 149 Ariz. 312, 317 (App. 1986) (affirming the denial of a *Willits* instruction because the State has "no duty to seek out and gain" evidence unless "it is aware" the evidence is material to the defense).

## CONCLUSION

**¶27**        We affirm.

