540 P.2d 1249

**STATE of Arizona, Appellee,**

v.

**Earl Wayne TALLEY, Appellant.**

**No. 3161.**

Supreme Court of Arizona,
In Banc.

Oct. 6, 1975.
Rehearing Denied Nov. 18, 1975.

Bruce E. Babbitt, Atty. Gen., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

The appellant, Earl W. Talley, was convicted of the crime of first degree burglary in violation of A.R.S. §§ 13–301 and 302, received a three year suspended sentence and was placed on probation.

The appellant's first contention is that the trial court erred by denying his motion for a judgment of acquittal at the close of the state's presentation and again after the jury's verdict. Both motions were made pursuant to Rule 20 of the Arizona Rules of Criminal Procedure which provides that "the court shall enter a judgment of acquittal of one or more offenses charged * * * if there is no substantial evidence to warrant a conviction." Talley asserts that the state failed to prove one of the elements of the crime of burglary; namely, that the defendant entered the "dwelling house * * * with intent to commit a felony." A.R.S. § 13–302A.

Testimony given at the trial indicates that at approximately 2:50 a. m. on May 4, 1974, Karen Mills awoke to find a "dark" hand reaching through a broken window pane in her rear door. She immediately woke her husband who grabbed his revolver and ran outside. He was unable to find anyone, returned his revolver to the house and asked a neighbor, David Mulks, to call the police. Mulks and the Mills then spent approximately twenty minutes with an officer at his car assisting in the preparation of a report. When the four returned to the house they encountered the defendant holding Mills' gun. After a brief attempt to hide Talley was coaxed into surrendering and was arrested. It was subsequently disclosed that approximately five minutes before the series of occurrences at the Mills' house the next door neighbor had seen the defendant standing between the two homes.

It is firmly established that felonious intent may be shown by circumstantial evidence. *State v. Miller*, 104 Ariz. 335, 452 P.2d 509 (1969). Evidence that an individual was found in the possession of property from the building may support an inference that he had the requisite intent to commit a crime at the time he entered the premises. *State v. Evans*, 110 Ariz. 407, 519 P.2d 1148 (1974). The case of *State v. Rood*, 11 Ariz.App. 102, 462 P. 2d 399 (1969), cited by the appellant as tending to support a contrary conclusion, is not on point as the defendant in that case was characterized as having "simply walk[ed] into a building through an un-

locked door." He had not picked up or removed any of the homeowner's property. *State v. Rood, supra.*

In this case the defendant entered the dwelling without authorization and was found in the possession of the Mills' revolver. This unexplained activity and presence at another's residence, in light of the hour at which it occurred and the fact that Talley attempted to hide upon being discovered, lends further support to an inference of felonious intent. *State v. Ortiz,* 9 Ariz.App. 116, 449 P.2d 953 (1969). We find that there was sufficient circumstantial evidence to support an inference that the defendant entered the Mills' home "with intent to commit a felony." A.R.S. § 13–302.

■■ The appellant's second contention is that the trial court abused its discretion and deprived him of his constitutional right to a fair trial by granting the state's motion in limine to prevent a defense witness from testifying. We do not agree. The record discloses that defense counsel informed the prosecutor on the day of the trial that he intended to call a relative of the defendant who would testify that Talley was seen in a state of intoxication just before the crime in this case allegedly occurred. The defendant clearly violated Rule 15.2(c) of the Arizona Rules of Criminal Procedure which provides for pretrial disclosure by the defendant of "[t]he names and addresses of all persons * * * whom he will call as witnesses at trial * * *." Rule 15.7 states that the trial court may preclude a party from calling a witness when Rule 15.2(c) is violated. The court could properly have concluded pursuant to Rule 15.7 that this was "just under the circumstances" as the last minute disclosure of the proposed witness left the prosecution effectively unable to rebut her testimony. In addition, the trial court's action did not deprive the defendant of a fair trial, as the reciprocal disclosure provisions of Rule 15 are constitutional. *Williams v. Florida,* 399 U.S. 78, 90 S.

Ct. 1893, 26 L.Ed.2d 446 (1970); *Wright v. Superior Court,* 110 Ariz. 265, 517 P.2d 1261 (1974).

The conviction and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.