556 P.2d 317

STATE of Arizona, Appellee,

v.

Willie Leon WILLIAMS, Appellant.

No. 3606.

Supreme Court of Arizona,
En Banc.

Nov. 1, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Teresa S. Thayer, Asst. Attys. Gen., Phoenix, for appellee.

V. Gene Lewter, Phoenix, for appellant.

HAYS, Justice.

Appellant Willie Leon Williams was convicted of armed robbery, by a jury, on October 22, 1975, and sentenced to not less than five nor more than seven years on November 19, 1975. He appeals, and we have taken jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

On December 23, 1974, a Circle K convenience mart in Maricopa County, Arizona, was robbed by two black youths, one wielding a knife, the other a gun. The youth with the knife was never apprehended.

The manager of the store, Joseph Sanders, who was held at gunpoint for several minutes by the youth with the gun, triggered the surveillance camera in the store, which took pictures of the robber. After deciding which frame showed the best view of the robber, the police had it blown up and circulated among law enforcement agents. A police officer on duty at Phoenix Union High School contacted William Helm, the detective in charge of the investigation, and told him he recognized the picture as one of Willie Leon Williams, a student at the school. Unable to locate a photo or any information about Williams at the Identification Bureau because the suspect had no criminal record whatsoever, Helm had the police officer take a photograph of Williams which was later shown to the victim Sanders in a photo line-up with five other pictures. In viewing the photos, Sanders, according to his own and police testimony at a *Dessureault* hearing [*State v. Dessureault*, 104 Ariz. 380, 453 P.2d 951 (1969)] held before trial, quickly identified the appellant as the robber. Sanders was thereafter allowed to make an in-court identification of the appellant.

Three issues are raised on this appeal:

1. Was the in-court identification tainted by an unduly suggestive out-of-court photo identification?

2. Did the trial court err in failing to declare a mistrial based on prejudicial statements made by the prosecutor in closing argument?

3. Did the trial court err in excluding an alibi witness because the defendant failed to timely disclose the defense?

## IN-COURT IDENTIFICATION

Appellant argues that the out-of-court photo line-up was unduly suggestive for a wide variety of reasons. After reviewing the transcript of the *Dessureault* hearing and viewing the six photos shown to the victim, we are of the opinion that the trial court did not err in finding that the out-of-court photo line-up was not unduly suggestive and that, therefore, an in-court identification could be made. Whether such an in-court identification is tainted by prior identification procedures is a preliminary determination of the trial judge, not to be overturned on appeal absent a clear, manifest error. *State v. Bojorquez,* 111 Ariz. 549, 535 P.2d 6 (1975); *State v. Williams,* 111 Ariz. 175, 526 P.2d 714 (1974). We find no such error.

## FAILURE TO DECLARE MISTRIAL

The appellant assigns as prejudicial error four remarks by the prosecutor in his closing argument. Since no objection was made to the first two remarks at trial, we will not consider them here on appeal. *State v. Taylor,* 109 Ariz. 267, 508 P.2d 731 (1973). The second two are as follows:

"I mean you don't have to listen to Willie and say 'well, Willie said he didn't do it, therefore he didn't do it.' You can disregard it, because his testimony is so weighted and prejudiced in favor of himself, because he has such a big in-

terest in the case, that it really isn't the type of testimony that should be considered in the case.

. . . . . .

"But from the evidence before you, from all the facts, a physical description, that's all you have in this case, I think the evidence shows that Willie Leon Williams is guilty beyond a reasonable doubt."

It is contended that these remarks are impermissible comments of the prosecutor's personal belief in the appellant's guilt.

▆ It is well-settled law in Arizona that, although attorneys are given wide latitude in their arguments to the jury, an attorney should never express his personal belief in the defendant's guilt or innocence. *State v. Abney,* 103 Ariz. 294, 440 P.2d 914 (1968); 17A A.R.S. Supreme Court Rules, rule 29(a); DR 7–106(C)(4). We do not believe, however, that either of the challenged remarks amounts to such an expression here. Counsel may comment on the credibility of a witness where his remarks are based on the facts in evidence. *State v. McClain,* 216 Kan. 602, 533 P.2d 1277 (1975). *Cf. State v. Trotter,* 110 Ariz. 61, 514 P.2d 1249 (1973).

In view of the wide latitude afforded attorneys in their arguments to the jury, we find the trial court did not commit error in failing to declare a mistrial because of the remarks herein objected to.

## EXCLUSION OF ALIBI WITNESS

The record below on this issue is sparse. Apparently sometime on the day the jury was selected, October 21, 1975, the appellant informed his attorney that he remembered someone who could testify that appellant was with her on the evening of the robbery. In other words, appellant, on the day trial began, suddenly had an alibi witness.

The same day, defense counsel brought the alibi defense to the attention of the trial court and prosecutor, but no record was made of what transpired. Instead, the following morning, before any evidence was presented, defense counsel attempted to make a record of what had occurred without a reporter the day before. From this sparse interchange, all we know is that appellant first informed his counsel of the alibi witness on the day trial began, the prosecutor asked for exclusion of the witness for failure to timely disclose pursuant to rule 15.2, and the trial judge ordered the exclusion sanction pursuant to his discretionary powers under rule 15.7.

▆ Rule 15.7 does not require the trial court to give its reasons for imposing a sanction, whatever it might be, although it would probably be better practice for the trial court to do so.

▆ Where matters are not included in the record on appeal, the missing portions will be presumed to support the action of the trial court. *State v. Bojorquez, supra.* We must presume that the trial court had sufficient reasons for exercising its discretion and ordering the exclusion of the alibi witness. As we said in *State v. Talley,* 112 Ariz. 268, 540 P.2d 1249 (1975),

"The court could properly have concluded pursuant to Rule 15.7 that this was 'just under the circumstances' as the last minute disclosure of the proposed witness left the prosecution effectively unable to rebut . . . [the] . . . testimony." 112 Ariz. at 270, 540 P.2d at 1251.

We find no abuse of the trial court's discretion herein.

Judgment and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.