570 P.2d 214

**STATE of Arizona, Appellee,**

v.

**Ivan Jerry YOUTSEY, Appellant.**

**No. 1 CA–CR 2330.**

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 30, 1977.

Rehearing Denied Sept. 28, 1977.

Review Denied Oct. 18, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Lim & Hurley by Michael E. Hurley, Phoenix, for appellant.

OPINION

NELSON, Presiding Judge.

On December 23, 1975, the appellant, Ivan Jerry Youtsey (Youtsey) and John Swinehart met with two undercover officers of the Department of Public Safety, agents Oden and Thrasher, at a restaurant in Phoenix, Arizona to consummate a drug transaction involving $10,000 worth of heroin (8 ounces). After confirming that the agents had the money, Swinehart made a telephone call and the four men waited for the heroin to arrive. Approximately 90 minutes later, a vehicle containing the heroin arrived on the scene.

Oden and Swinehart then drove away from the restaurant in Swinehart's vehicle to allow Oden to inspect the heroin. When the agent was satisfied that the drug was authentic, they returned to the restaurant and joined Youtsey and Thrasher, who had remained in the restaurant. Oden advised Thrasher he was satisfied with the quality of the heroin. All four men then left the restaurant and returned to Swinehart's car, where Thrasher also checked the package of heroin. Thrasher was satisfied with the "merchandise" and returned to his car, ostensibly to get the money for the exchange.

When Thrasher opened the trunk of his car to get the money, several back-up officers converged on the area and arrested Swinehart, Youtsey and four other men who had transported the heroin to the site.

Youtsey was charged with offering to sell heroin, a felony (A.R.S. §§ 36–1001, 36–1002.02). After a jury trial, Youtsey was found guilty of the charge and sentenced to a term in the Arizona State Prison of not less than five nor more than six years. He has appealed to this Court urging four grounds for reversal of his conviction. None of the questions presented require reversal and the judgment of conviction and sentence thereon are affirmed.

■ Youtsey urges that the trial court committed fundamental error in failing to instruct the jury regarding the necessity for corroboration of the testimony of Swinehart, clearly an accomplice in the crime. A.R.S. § 13–136 (Repealed, Laws 1976, Chap. 116, § 1, effective June 24, 1976, after the crime in question, but before the trial commenced). There was no request for such an instruction nor any complaint of error at the trial court level. See: State v. Bateman, 113 Ariz. 107, 547 P.2d 6 (1976).

Both Youtsey and the State devoted a considerable portion of their briefs and oral arguments to the issue of whether the repeal of A.R.S. § 13–136, after Youtsey's conduct was an ex post facto law, when applied to him at trial. U.S.Const. art. 1, § 9; Ariz.Const. art. 2, § 25; Calder v. Bull, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798); Hart v. State, 40 Ala. 32 (1866). Assuming arguendo that the application of the repealer of A.R.S. § 13–136 to persons charged with crimes committed prior to its enactment would be ex post facto (but see: Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884); Thompson v. Missouri, 171 U.S. 380, 18 S.Ct. 922, 43 L.Ed. 204 (1898)), we need not reach that question to decide this case.

Youtsey was not convicted upon the uncorroborated testimony of an accomplice. A.R.S. § 13–136. No party here seriously contends that he was. The State did not even put Swinehart on the witness stand prior to resting its case. The testimony of the arresting officers, if believed, fully involved Youtsey in the offer to sell them 8 ounces of heroin.

Youtsey conversed with one or both of the undercover agents for more than one hour. During that time he indicated knowledge of the transaction in every respect. He talked about the percentage of pure heroin in the shipment, its increased selling price in the eastern markets, and his concern about the agents' full satisfaction with the quality of the merchandise. Youtsey appeared to recognize a man, subsequently identified as one of the transporters of the heroin to the restaurant, when he entered, and thereupon rose from the table where he had been conversing with Agent Thrasher, looked out the window, and returned to the table to advise the agent the transfer would soon be taking place.

The evidence against Youtsey, absent Swinehart's testimony, is overwhelming. What we really have before us is the procedural aspect of getting our old statute before the jury, i. e., instructions, and not a case involving the conviction of a person solely upon the testimony of an accomplice of a crime committed before the repeal of A.R.S. § 13–136. This opinion does not indicate what position this Court might take on such a fact situation.

*State v. Bateman* neither directly nor indirectly overruled the decision of our Supreme Court in *State v. Brewer*, 110 Ariz. 12, 514 P.2d 1008 (1973), wherein Chief Justice Cameron stated:

> "Where the evidence is such that there is some doubt as to whether the testimony of an accomplice has been corroborated, then the instruction must be given. However, where the evidence of corroboration is overwhelming and the defendant does not request a corroboration of accomplice instruction, the giving of such an instruction on the courts' own motion is not mandated by our statute and the failure to give such an instruction should not be considered fundamental error." 110 Ariz. at 17, 514 P.2d at 1013.

*State v. Brewer* controls this case, even assuming A.R.S. § 13–136 was still applicable to this trial. This holding was specifically reaffirmed after *Bateman* by our Supreme Court in *State v. Richmond*, 114 Ariz. 186, 560 P.2d 41 (1976).

Next the appellant urges that his cross-examination of officer Thrasher was unduly circumscribed by the trial judge. The essence of the defense was Youtsey's lack of knowledge of what was going on at the restaurant on the evening in question. Youtsey testified that Swinehart owed a friend of his money and this friend in turn owed Youtsey $3,000. Youtsey claimed Swinehart told him that if he (Youtsey) would meet him (Swinehart) at the restaurant at about 9:00 p. m., he would be in a position to pay some money on the debt. Youtsey claimed no knowledge, either advance or otherwise, of Swinehart's involvement in a narcotics transaction.

Defense counsel cross-examined Thrasher extensively regarding his conversations with Youtsey and Swinehart on the night in question, seeking to prove that Swinehart participated in the heroin transaction while Youtsey did not. As a part of this effort, defense counsel gave Thrasher a copy of his departmental report to review and refresh his recollection. He thereafter asked Thrasher if Youtsey had said anything about marketing the heroin in the east or about what percentage of pure heroin was standard in the eastern part of the country. Thrasher said he had discussed it. The trial court then sustained an objection to the question:

> "Q. Does your departmental report show anywhere where Mr. Youtsey discussed the percentage back East?"

Counsel on appeal concedes that it was obvious to everyone, including this Court, that the answer to the question, if permitted, would have been "no". It was certainly obvious to the jury.

█ The court is given wide discretion in controlling the scope of examination, even cross-examination. *State v. Pavao*, 23 Ariz.App. 65, 530 P.2d 911 (1975). While it would probably have been better, considering the broad scope of allowable cross-examination, to have allowed the obvious answer to come in, no possible prejudice could have resulted. Defense counsel did not offer the Departmental Report into evidence.

530

It is not urged that there is any decisional authority that a police officer is required to put every scrap of conversation with potential suspects in his departmental reports. Any legitimate point to be made by the question was communicated to the jury. There was no prejudicial error. *State v. Mendiola*, 112 Ariz. 165, 540 P.2d 131, approving and adopting, 23 Ariz.App. 251, 532 P.2d 193 (1975).

Next, Youtsey complains about several alleged references to other bad acts in violation of the oft stated general rule that such references are inadmissible. *See* e. g., *State v. Denny*, 27 Ariz.App. 354, 555 P.2d 111 (1976); *State v. Collins*, 111 Ariz. 303, 528 P.2d 829 (1974). During Youtsey's conversations with the agents, he allegedly mentioned drugs, either directly or in slang terminology, on several occasions, and also talked about delivering heroin back east. In response to a question, one of the agents made reference to one of the Mexican-American transporters he recognized as a known heroin dealer. Additionally, reference was made to Youtsey's possession of a pistol earlier in the day, although he had no such weapon on his person at the time of the arrests.

There are, of course, well recognized exceptions to the rule rendering reference to other bad acts inadmissible, such as proof of motive, intent, guilty knowledge, completion of the story of a given crime, etc. *State v. Collins; State v. Denny; State v. Villavicencio*, 95 Ariz. 199, 388 P.2d 245 (1964).

Youtsey's sole defense to this charge was that he was an innocent bystander, merely accompanying Swinehart to the restaurant to collect some money owed. Each of the complained of statements is admissible to show Youtsey's guilty knowledge and intent as to the heroin sale, and to show the complete story of the crime as it unfolded that evening. *State v. Collins; State v. Villavicencio.*

Finally, appellant urges that the closing argument of the prosecutor was calculated to inflame the jury and so biased and prejudiced the jury as to result in an unfair trial and verdict. We have reviewed the argument and find it well within the wide latitude given to counsel in closing argument. *State v. Williams*, 113 Ariz. 442, 556 P.2d 317 (1976). In any event, counsel did not object to the argument in the trial court, and is thus precluded from raising the question here. *State v. Williams; State v. Owens*, 112 Ariz. 223, 540 P.2d 695 (1975).

The judgment of conviction and the sentence thereon are affirmed.

FROEB, C. J., and EUBANK, J., concurring.