NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ELIZABETH YASHAR, *Appellant.*

No. 1 CA-CR 14-0792
FILED 1-7-2016

---

Appeal from the Superior Court in Maricopa County
No.  CR2013-030247-001
The Honorable Virginia L. Richter, Commissioner

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew Reilly
*Counsel for Appellee*

Law Office of David Michael Cantor, PC, Phoenix
By Stephen Garcia
*Counsel for Appellant*

--------------------------------------

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

--------------------------------------

**G E M M I L L, Judge**:

¶1 Elizabeth Yashar appeals from her conviction and sentence for possession of a dangerous drug (methamphetamine), a class 4 felony. She argues that the trial court erred when it (1) allowed the State to introduce evidence of her refusal to communicate with an investigating police officer; (2) permitted the State during closing argument to comment on her silence; (3) failed to *sua sponte* take corrective action in response to instances of prosecutorial misconduct; (4) admitted methamphetamine evidence; (5) denied her motion to preclude a criminalist's report; (6) denied her motion to quash the indictment and failed to order the State to disclose the grand jury's transcripts; (7) violated her speedy trial rights; and (8) failed to admit a video recording of her interview with police. For the reasons set forth below, we affirm.

## BACKGROUND

¶2 We view the evidence in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences in support of the verdict. *See State v. Karr*, 221 Ariz. 319, 320, ¶ 2 (App. 2008); *see also State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶3 While visiting a casino in November 2014, Yashar inadvertently left her purse near a slot machine. A few minutes later, a casino employee discovered the purse, and security personnel retrieved it. A security supervisor searched the purse for information identifying its owner and found a plastic baggie under a closed flap in the purse. The baggie contained a suspicious substance. Meanwhile, Yashar was nearby attempting to claim the purse. Security contacted police, and Yashar accompanied the supervisor to an office.

¶4 Officer S.P., a Gila River Police Department officer, arrived and spoke with Yashar. Although she admitted the purse was hers, Yashar explained that the baggie was not, and she did not know what it contained. Officer S.P. did not arrest Yashar that night; instead, he seized

the baggie and explained he would be calling her in the next few days. After he viewed the casino's surveillance video depicting Yashar leaving her purse by the slot machine and the ensuing moments until security retrieved the purse, Officer S.P. tried calling Yashar multiple times. She did not return his calls.

**¶5**        Laboratory testing subsequently revealed that the substance in the baggie was methamphetamine. On July 16, 2013, the State charged Yashar with one count of possessing dangerous drugs. On September 11, 2013, the State moved to dismiss the charge without prejudice. The court granted the motion, and the State filed its direct complaint commencing this case on November 4, 2013.

**¶6**        The grand jury issued an indictment on March 28, 2014. Yashar, appearing on her own behalf, moved to quash the indictment on the basis it was not "appropriate as a determination of Probable Cause" and alternatively requested a preliminary hearing. Yashar also sought disclosure of the grand jury transcripts. The court denied both motions.

**¶7**        Yashar was arraigned on April 7, 2014, and the court noted the last day by which to try Yashar was October 4, 2014. On June 20, 2014, Yashar filed a motion to dismiss, arguing her speedy trial rights were violated. Trial commenced on September 23, 2014, and resulted in a mistrial six days later. The matter was assigned to another judge, and the second trial commenced on October 6, 2014.

**¶8**        The jury returned a guilty verdict, and the court placed Yashar on two years of supervised probation. Yashar timely appeals. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033.

## DISCUSSION

### I.    Comment on Yashar's Right to Remain Silent

**¶9**        Yashar testified that she had returned Officer S.P.'s phone calls and left messages for him at the police station. In rebuttal, the State recalled Officer S.P., who testified that he tried calling Yashar during the

week after the incident at least twice and never received any phone messages from her.[1]

**¶10** Yashar argues that Officer S.P.'s testimony was inadmissible because it was an improper comment on Yashar's right to remain silent. Because she did not object to the testimony at trial, we review for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). Yashar has the burden to show that error occurred, the error was fundamental, and that she was prejudiced thereby. *See id.* at 567–68, ¶¶ 20–22.

**¶11** Although the State is not permitted to comment on a defendant's post-arrest, post-*Miranda*[2] warnings silence, a prosecutor may comment on a defendant's pre-*Miranda* silence. *State v. Ramirez*, 178 Ariz. 116, 125 (1994). Here, Officer S.P. testified Yashar did not return his calls during his investigation, which was before she was arrested and presumably given her *Miranda* warnings. Consequently, her silence was admissible as substantive evidence. *See State v. Lopez*, 230 Ariz. 15, 19–20, ¶¶ 15–16 (App. 2012). Moreover, even if the testimony was not admissible as substantive evidence, it was admissible to impeach Yashar because she testified at trial that she did not know the methamphetamine was in her purse. *See State v. Stevens*, 228 Ariz. 411, 416, ¶ 14 (App. 2012) ("If a defendant chooses to waive the Fifth Amendment right to remain silent by testifying at trial, the prosecutor may impeach the defendant like any other witness, including inquiring about pre-*Miranda* warnings silence."); *see also State v. Williams*, 113 Ariz. 442, 444 (1976) ("Counsel may comment on the credibility of a witness where his remarks are based on the facts in evidence.").

**¶12** Similarly, we disagree with Yashar's contention that the court abused its discretion when it overruled her objection during closing arguments. Yashar argues that, by commenting during closing argument on her failure to return Officer S.P.'s phone calls, the prosecutor shifted to Yashar the burden of proving innocence. We disagree, because the primary objective of the State's reference to Yashar's silence was to

---

[1] Yashar incorrectly asserts in her reply brief that Officer S.P. testified during the State's case-in-chief about Yashar's failure to return his telephone calls. The officer's testimony was presented by the State in rebuttal.

[2] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

demonstrate her lack of credibility as a witness. *See State v. Bible*, 175 Ariz. 549, 602 (1993) ("[D]uring closing arguments counsel may summarize the evidence, make submittals to the jury, urge the jury to draw reasonable inferences from the evidence, and suggest ultimate conclusions.").

**¶13** No error, much less fundamental error resulting in prejudice, resulted from admitting Officer S.P.'s testimony. *See State v. Lavers*, 168 Ariz. 376, 385 (1991) (explaining this court "must first find that the trial court committed some error" before it engages in fundamental error analysis).

## II. Prosecutorial Misconduct

**¶14** Next, Yashar argues the prosecutor engaged in misconduct by making a sarcastic comment and attempting to inflame the jury during closing arguments.[3] Because Yashar did not object in superior court to these purported instances of prosecutorial misconduct, we review for fundamental error. *Henderson*, 210 Ariz. at 567, ¶ 19.

**¶15** Yashar takes issue with several of the prosecutor's comments during closing arguments, including:

> "The officer doesn't get a bonus if the defendant is convicted. The security guards don't get a bonus if the defendant is convicted. [The criminalist] doesn't get a party if the defendant is convicted. He's a nice guy, but he's not going to get a party after this case."

The prosecutor also told the jury "meth doesn't grow on trees," a comment Yashar contends was overly sarcastic and therefore constituted misconduct.

**¶16** We disagree with Yashar's characterization of the State's arguments because the comments at issue do not constitute fundamental, prejudicial error. Rather, they constitute argument that officers, guards,

---

[3] Yashar also points to two instances of alleged misconduct during the State's questioning of a witness. As Yashar notes, however, the court sustained her objections to this questioning. Because we must presume the jury followed the court's instruction to not consider questions that were subjected to a sustained objection, we cannot conclude Yashar was prejudiced.

and criminalists do not have a motive to testify untruthfully. Accordingly, we discern no error.[4]

## III.    Chain of Custody:  Methamphetamine

¶17      Yashar also argues the trial court erred by admitting into evidence the methamphetamine found in her purse.  She contends the evidence lacked foundation because the State failed to establish the chain of custody.  Specifically, Yashar argues no witness testified why the drugs introduced into evidence were not contained in the same small plastic bag that was discovered in her purse.  She also suggests the State improperly failed to present the testimony of each person who handled the drugs from the time they were discovered in the purse until they were admitted into evidence.

¶18      This argument is without merit.  The record does not reflect that the methamphetamine admitted in this case was not in the bag found in Yashar's purse.  Indeed, the exhibit worksheet indicates the drugs were in a "small plastic bag."  Regarding the purportedly deficient testimony, the State presented the testimony of (1) the security officer who discovered the bag containing a suspicious substance; (2) Officer S.P., who retrieved the bag at the casino; and (3) the criminalist who performed the test that determined the substance was methamphetamine.  This chain of custody testimony is sufficient; the State is not required to offer the testimony of every person who handled the methamphetamine.  *See State v. Lopez*, 23 Ariz. App. 554, 556 (App. 1975) ("[I]n establishing the chain of possession the prosecution need not call forth every person who comes in contact with the evidence where there is nothing to suggest the probability of substitution or tampering.").  Thus, the court did not abuse its discretion when it admitted the methamphetamine.  *See State v. McCray*, 218 Ariz. 252, 256, ¶ 8 (2008) ("A trial court's conclusion that evidence has an adequate foundation is reviewed for an abuse of discretion.").

---

[4] Yashar also contends the prosecutor improperly attempted to mislead the court with respect to a ruling made by the previous trial judge.  This argument is unpersuasive because the second trial court independently determined the admissibility of the statements in question.

## IV.    The Drug Test Report

**¶19**        Before trial, Yashar contested the admissibility of a drug test report.  The second page of the three-page report was a graph created by the criminalist who determined the substance found in Yashar's purse was methamphetamine.    Two pages of the report, including the conclusion that the substance was methamphetamine, were timely disclosed, but the graph was disclosed later.  Yashar moved to preclude the entire report as a result.  The trial court denied her motion, and Yashar challenges that ruling.  We review for an abuse of discretion.  *Id.; State v. Rienhardt*, 190 Ariz. 579, 584, (1997).

**¶20**        Arizona Rule of Criminal Procedure 15.1 requires the State to disclose all existing reports created by a law enforcement agency in connection with a charged crime no later than 30 days after arraignment.  Ariz. R. Crim. P. 15.1(b)(3), (c)(1).  A failure to timely disclose a report will result in a court-imposed sanction unless the court finds the failure to comply with Rule 15.1 was "harmless."  Ariz. R. Crim. P. 15.7(a).

**¶21**        Here, the State disclosed the graph on September 10, 2014, the day after it received notice from Yashar that the report was missing a page.  Thus, the graph's disclosure occurred 13 days before Yashar's first trial, well over 30 days after her arraignment.  The State concedes, for the sake of this appeal, that the disclosure was untimely.

**¶22**        Accepting this concession, the untimely disclosure was nonetheless harmless.  The graph illustrates the relationship between "% Transmittance" and "Wavenumbers (cm-1)," while the remainder of the timely disclosed report indicates the chemical composition of the tested substance and the criminalist's conclusion that the substance was methamphetamine.  The graph, therefore, was not necessary for the report to establish that the substance found in the purse was in fact methamphetamine.  Additionally, before the report was admitted into evidence, the criminalist testified the results indicated the substance was methamphetamine.  Although Yashar argues the failure to disclose the graph "had a crippling effect on [her] ability to prepare an adequate defense in time for trial," she did not at trial—and does not on appeal— provide an offer of proof as to any expert opinion that would have interpreted the graph in a manner contradicting the criminalist's conclusion that the tested substance was methamphetamine.  On this record, we find no abuse of discretion in the court's refusal to sanction the State by suppressing either the entire report or the untimely disclosed page containing the graph.

## V.    Denial of Motion to Quash Indictment

**¶23**        Yashar argues the court erred in not granting her motion to quash the indictment.  She contends the motion was an implicit request for disclosure of the grand jury transcripts, because, by requesting a preliminary hearing, she was "substantively moving for new findings of probable cause."

**¶24**        We find no error.  Yashar provides no substantively meaningful argument, supported by relevant authority, challenging the court's denial of her motion to quash.  *See* Ariz. R. Crim. P. 31.13(c)(1)(vi) ("The appellant's brief shall include . . . [a]n argument which shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.").  Furthermore, it is a litigant's responsibility to make clear her requests to the trial court, and Yashar cannot now contend that the court misunderstood the intent of her motion.

**¶25**        And, assuming Yashar's motion to quash was a challenge to the grand jury's finding of probable cause, she cannot on appeal seek relief from the court's denial of her motion.  "To obtain review of a denial of redetermination of probable cause, a defendant must seek relief before trial by special action."  *State v. Murray*, 184 Ariz. 9, 32 (1995).  The sole exception to this rule is when a defendant claims the State knowingly presented the grand jury with perjured material testimony.  *See id*.  Because Yashar makes no claim of perjured testimony, she cannot now challenge the grand jury's probable cause determination.

**¶26**        Finally, to the extent Yashar contends she was entitled to be charged by information after a preliminary hearing, rather than by a grand jury indictment, we reject such an argument.  Yashar cites no authority, and we are aware of none, standing for the proposition that a suspect may determine the procedure the State must follow to initiate criminal proceedings.  "Either method—indictment by grand jury or information after preliminary hearing—is constitutionally proper." *State v. Bojorquez*, 111 Ariz. 549, 553 (1975); *see also* U.S. Const. amend. V; Ariz. Const. art. 2, § 30; Ariz. R. Crim. P. 13.1.  Consequently, the trial court properly denied Yashar's motion to quash the indictment on this basis.

## VI.    Speedy Trial

**¶27**        Yashar contends the court violated her right to a speedy trial because a "miscalculation" of elapsed time resulted in her second trial commencing more than 180 days after her arraignment in violation of

Arizona Rule of Criminal Procedure 8.2(a)(2).  We review de novo the trial court's application of the Rules of the Criminal Procedure.  *See State v. Burns*, 237 Ariz. 1, 28, ¶ 124 (2015).

**¶28**　　　　Because she was out of custody, Rule 8.2(a)(2) required Yashar to be tried within 180 days of her arraignment.  A trial ordered after a mistrial must commence within 60 days of the mistrial.  Ariz. R. Crim. P. 8.2(c).  Yashar was arraigned on April 7, 2014, and trial commenced on September 23, 2014, which was within the 180-day limit.  After the mistrial, the second trial commenced on October 6, 2014, which was also timely under Rule 8.2(c).

**¶29**　　　　Yashar nonetheless argues the 21 days of elapsed time between her initial appearance in the first case and the dismissal of that case should be considered when determining whether she was timely tried.  However, after a dismissal without prejudice, the speedy trial limits begin anew, absent prejudice to the defendant or prosecutorial bad faith. *See State v. Rose*, 121 Ariz. 131, 137 (1978).

**¶30**　　　　Here, Yashar has not established that the purported tardiness prejudiced her.  *See State v. Wassenaar*, 215 Ariz. 565, 571, ¶ 16 (App. 2007) (to prevail on claim of speedy trial violation, defendant must show prejudice resulting from the untimely trial).  She simply asserts that she suffered anxiety and emotional and financial harm.  Such harm, by itself, is insufficient to establish prejudice.  *Id.* at 572, ¶ 20.  No speedy trial violation occurred.

## VII.　　Failure to Sua Sponte Order Video Recording Into Evidence

**¶31**　　　　Finally, Yashar argues the trial court erred in not admitting into evidence a recording of the video depicting her interview with Officer S.P. at the casino.  At trial, the State introduced silent recordings of the casino surveillance video depicting Yashar leaving the purse in front of a slot machine and the security officer's search of the purse.  Yashar contends Arizona Rule of Evidence 106 also required the trial court to admit into evidence the video of her interview with Officer S.P.  She also contends the court erred in allowing the prosecutor to "distort and mislead the jury" by introducing into evidence only portions of the surveillance videos.  We review this argument for fundamental error.  *See Henderson*, 210 Ariz. at 567, ¶ 19.

**¶32**　　　　Arizona Rule of Evidence 106 provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.

Our supreme court has explained that Rule 106 "requires the admission of those portions of the statement that are necessary to qualify, explain or place into context the portion already introduced." *State v. Prasertphong*, 210 Ariz. 496, 499, ¶ 15 (2005) (internal quotation and marks omitted).

¶33 Here, the recording of the interview would not "qualify, explain or place into context" the silent videos of the search or of Yashar leaving her purse at a slot machine. *See id.* The three events occurred in discrete locations and concerned different people. Officer S.P. does not appear in the recordings that were admitted, and the full interview recording apparently contains, at least in part, three statements made by Officer S.P. that the court previously ruled were inadmissible. Rule 106 did not require the court to sua sponte admit the interview video. Therefore, no error occurred, let alone fundamental error that resulted in prejudice.

## CONCLUSION

¶34 For these reasons, we affirm Yashar's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama

10