NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

STATE OF ARIZONA, *Appellee,*

*v.*

WILFRED DALVIN PERKINS, *Appellant.*

No. 1 CA-CR 15-0006
FILED 3-31-2016

_____

Appeal from the Superior Court in Maricopa County
No. CR2011-142198-002
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

_____

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael J. Dew, Phoenix
*Counsel for Appellant*

Wilfred Dalvin Perkins, Tucson
Appellant

_____

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

_____

**H O W E**, Judge:

¶1          This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Wilfrid Dalvin Perkins asks this Court to search the record for fundamental error. Perkins has filed a supplemental brief in propria persona, which the court has considered. After reviewing the record, we affirm Perkins' conviction and sentence.

**FACTS AND PROCEDURAL HISTORY**

¶2          We view the facts in the light most favorable to sustaining the trial court's judgment and resolve all reasonable inferences against Perkins. *State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

¶3          One summer evening in August 2011, two police officers were seated in their marked patrol car, which was parked on a corner of a street intersection, watching cars drive by. They soon heard loud music coming from the distance. The car from which the music was emitting drove past the officers. One officer saw the driver drink from a beer can. The officers started following the car, but before they turned on their overhead lights, the car turned onto a street and stopped. The officers parked behind the car and turned on their overhead lights.

¶4          One officer approached the driver's side and saw Perkins in the back passenger seat with an open 12-pack case of beer; several cans of beer were opened. The officers called for backup, and the police subsequently asked everyone to step out of the car individually. When Perkins was asked to step out, once he stood up, his shirt unfolded and two bags containing a "crystalline substance" fell to the ground. An officer immediately placed Perkins in handcuffs.

¶5          In the area where Perkins was sitting, the police found a glass pipe, small Ziploc bags, and a large Ziploc bag; some bags contained the "crystalline substance." The police also found Perkins' wallet, which had inside a small Ziploc bag containing the "crystalline substance." An officer

searched Perkins and found two syringes in his pant pocket. A subsequent lab analysis of the total amount of the "crystalline substance" confiscated showed that it was 330 milligrams of methamphetamine.

¶6        After Perkins was read his *Miranda*[1] rights and he stated that he understood them, an officer asked Perkins what fell from his lap and Perkins responded with "the drugs weren't mine." When asked whether he was doing anything illegal in the car, Perkins responded that he was drinking beer and that it was "not that big of a deal." The officer ceased questioning. Perkins was arrested and charged with possession of a dangerous drug for sale (the "2011 case").

¶7        Perkins moved to have his court-appointed attorney withdraw as his counsel of record and to represent himself. After a hearing, the trial court concluded that Perkins knowingly, intelligently, and voluntarily waived his rights to counsel under Arizona Rule of Criminal Procedure 6.1(c). The court appointed advisory counsel to assist Perkins. Pursuant to Rule 6.1(c), Perkins signed a waiver of counsel.

¶8        The State alleged that Perkins had three prior felony convictions and requested an Arizona Rule of Evidence 609 hearing regarding impeachment of Perkins' testimony with his prior convictions. At trial, the arresting officers made in-court identifications of Perkins. After the State rested its case-in-chief, Perkins moved for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20, arguing that substantial evidence did not exist to go to the jury. Finding otherwise, the court denied the motion. After the defense rested, the court read to the jury the parties' stipulation regarding Perkins' prior felony conviction, which provided: "The State and Mr. Perkins stipulate or agree that Mr. Perkins has previously been convicted of a felony offense." The jury found Perkins guilty of the lesser-included offense of possession of a dangerous drug.

¶9        Perkins subsequently entered into a plea agreement in a companion case (the "2012 case"), based on an event that predated the 2011 case, agreeing that the two separate offenses would run concurrently. In the plea agreement, Perkins avowed to two historical felony convictions. The trial court took judicial notice that the admission in the 2012 case would apply to the 2011 case as well.

¶10        The trial court conducted the sentencing hearing in compliance with Perkins' constitutional rights and Arizona Rule of

---

[1]        *Miranda v. Arizona,* 384 U.S. 436 (1966).

Criminal Procedure 26. The court found that Perkins' prior felony convictions were an aggravating factor, but also found five mitigating factors. The court sentenced Perkins to 6 years' imprisonment, with 794 days of presentence incarceration credit. The court imposed the necessary fines and assessments, but waived the surcharges. After the trial court granted a delayed notice of appeal, Perkins timely appealed.

## DISCUSSION

¶11 We review Perkins' conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12, 260 P.3d 309, 312 (App. 2011). Counsel for Perkins has advised this Court that after a diligent search of the entire record, he has found no arguable question of law. However, in his supplemental brief, Perkins argues that (1) the trial court denied his right to be present at all critical stages; (2) he had ineffective assistance of counsel; (3) he was deprived a fair trial because of prosecutorial misconduct; (4) he was prejudiced by admission of illegally obtained statements; (5) the trial court erred in denying him the ability to test all evidence for DNA; (6) the trial court applied the incorrect standard of review in determining that he had prior felony convictions; and (7) the jury instruction impermissibly shifted the burden of proof to him.

¶12 First, Perkins argues that the trial court denied his constitutional right to be present at all critical stages because the court excluded him from conversing in side bars, participating in jury selection, and from formulating jury instructions. "A defendant has a constitutional right to be present in the courtroom at every critical stage of the proceedings against him." *State v. Hall*, 136 Ariz. 219, 222, 665 P.2d 101, 104 (App. 1983). Because Perkins raised no objections below, we review for fundamental error only. *See State v. Henderson*, 210 Ariz. 561, 567–68 ¶¶ 19–20, 115 P.3d 601, 607–08 (2005). No error occurred here. The record shows that Perkins was present for all critical stages. *See Mempa v. Rhay*, 389 U.S. 128, 134 (1967) (providing that a critical stage is any "stage of a criminal proceeding where substantial rights of a criminal accused may be affected"). Most importantly, the record shows that Perkins consented to all side bar conversations that advisory counsel participated in without him and that Perkins agreed to advisory counsel's submitted jury instructions and that he did not object to the State's proposed jury instruction. The record further shows that Perkins fully participated in jury selection, including agreeing with the court and the prosecutor which potential jurors to strike and which to retain. Consequently, no error occurred.

**¶13**        Second, Perkins argues that his court-appointed counsel was deficient and therefore caused Perkins to represent himself in this case. We do not consider claims for ineffective assistance of counsel on direct appeal; they must be raised in a petition for post-conviction relief under Arizona Rule of Criminal Procedure 32. *State v. Spreitz,* 202 Ariz. 1, 3 ¶ 9, 39 P.3d 525, 527 (2002).

**¶14**        Third, Perkins contends that his due process rights were violated by multiple acts of prosecutorial misconduct, including improperly vouching for the credibility of law enforcement and making prejudicial statements during closing argument. Prosecutorial misconduct will warrant a mistrial if the misconduct "permeates the entire trial and deprives the defendant of a fair trial." *State v. Trani,* 200 Ariz. 383, 384 ¶ 6, 26 P.3d 1154, 1155 (App. 2001). Because Perkins failed to object to the alleged misconduct, our review is limited to fundamental error. *See State v. Anderson,* 210 Ariz. 327, 340 ¶ 45, 111 P.3d 369, 382 (2005). We discern no misconduct here. Perkins does not provide the record citations for when these alleged instances of prosecutorial misconduct occurred, and the record does not show that the prosecutor engaged in any of the alleged acts. In any event, trial counsel is afforded great latitude in presenting closing arguments to the jury and is free to comment on the evidence. *State v. Lucas,* 146 Ariz. 597, 606, 708 P.2d 81, 90 (1985), *overruled in part on other grounds by State v. Ives,* 187 Ariz. 102, 108, 927 P.2d 762, 768 (1996). Further, the prosecutor's arguments about the witness' credibility are not improper when based on facts in evidence. *State v. Williams,* 113 Ariz. 442, 444, 556 P.2d 317, 319 (1976). From our review of the record, the prosecutor's remarks were within the permissible range of proper argument.

**¶15**        Fourth, Perkins contends that the trial court erroneously admitted his statement that the drugs were not his because he was unlawfully detained and interrogated. To admit at trial statements made by persons in custody and in response to police questioning, the police must first have provided the suspect with a recitation of his rights under *Miranda. State v. Zamora,* 220 Ariz. 63, 67–68 ¶ 10, 202 P.3d 528, 532–33 (App. 2009). If the *Miranda* warnings are affective, then un-coerced post-*Miranda* statements are admissible. *Id.* at 70 ¶ 17, 202 P.3d at 535. Here, the record establishes that a police officer read Perkins his *Miranda* rights and that Perkins indicated that he understood his rights and agreed to answer questions. When asked by the officer what fell out of his lap, Perkins spontaneously responded that the drugs were not his. Thus, because Perkins was given his *Miranda* warnings and the record does not indicate any unwillingness on Perkins' part or coercion on the officer's part, the trial court properly admitted Perkins' statement.

¶16 Fifth, Perkins argues that the trial court erred in not authorizing him to test all the Ziploc bags seized from the car for DNA. We reject this claim, however, because Perkins has provided no legal basis for it. *See* Ariz. R. Crim. P. 31.13(c)(1)(vi) ("The appellant's brief shall include . . . the proper standard of review . . . with citations to relevant authority, at the outset of the discussion of that contention."); *State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989) (providing that failing to sufficiently argue and support an argument on appeal waives it). Regardless of the waiver, Perkins does not indicate in his brief which evidence he believes was precluded from DNA testing. More importantly, the record shows that the trial court did not deny any of Perkins' request to test evidence. Instead, it shows that for all of Perkins' request to receive additional funding to test evidence, the court granted them, and the Maricopa County Office of Public Defense Services tested the evidence Perkins wanted tested.

¶17 Sixth, Perkins contends that the trial court erred in applying a preponderance of the evidence standard in determining that he had prior felony convictions. But the record does not demonstrate that the trial court used that standard of proof. Further, the record shows that Perkins stipulated to prior convictions in both the 2011 and 2012 cases. During trial for the 2011 case, the court read to the jurors Perkins' stipulation to one prior felony conviction. In his plea agreement for the 2012 case, Perkins avowed to two prior felony convictions.

¶18 Finally, Perkins argues that the jury instruction erroneously shifted the burden from the State to him because the instruction did not list the elements of the crime. But because Perkins requested the jury instruction he now complains of, his argument is waived on appeal. *See* S*tate v. Logan,* 200 Ariz. 564, 565 ¶ 8, 30 P.3d 631, 632 (2001) ("[W]hen a party requests an erroneous instruction, any resulting error is invited and the party waives his right to challenge the instruction on appeal."). Regardless of the waiver, Perkins' argument still fails. The instruction were in accordance with the Arizona Criminal Jury Instructions and properly included the elements for possession of a dangerous drug and of a dangerous drug for sale.

¶19 Consequently, we have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, 451 P.2d at 881, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Perkins was represented by counsel or he represented himself and advisory counsel was present at all stages of the proceedings,

and the sentence imposed was within the statutory guidelines. We decline to order briefing and affirm Perkins' conviction and sentence.

¶20 Upon the filing of this decision, defense counsel shall inform Perkins of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Perkins shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

¶21 For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama