NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER L. SMITH, *Appellant.*

No. 1 CA-CR 20-0185
FILED 5-13-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-130369-001 DT
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Rena P. Glitsos
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

**F U R U Y A**, Judge:

¶1        Defendant Christopher Lee Smith appeals his conviction and sentence for theft, arguing the superior court erred in denying his motion for a judgment of acquittal. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2018, Tiaz Young worked for an Amazon subcontractor under an assumed name. Young shipped pallets of Amazon packages from a sorting center to a postal office. In April and May of 2018, thirteen pallets went missing from that sorting center. Amazon connected Young to the missing pallets using scan logs, pallet assignments, and video surveillance from the sorting center.

¶3        On April 23, 2018, Young and Smith arrived at a gated storage facility in Phoenix located six to eight miles from the sorting center. Young told the manager of the facility that Smith was his brother. Young rented a small storage unit under his own name and the manager provided him with a gate access code. Between April 23, 2018 and April 26, 2018, Smith entered the storage facility at least daily, and typically twice a day. Each day, a large box truck entered the facility using Young's gate access code.

¶4        Near the end of April 2018, the manager conducted a routine "walk-through" of the facility to locate any unsecured storage units. The manager entered Young's unlocked unit and saw "hundreds" of Amazon packages. Shipping labels on the packages listed different delivery addresses, many with pending ship-by dates. The manager saw a pallet jack used to move "cargo," pallets of packages still wrapped for shipping, and packages with products removed. Finding this suspicious, the manager took photos of the storage unit and provided them to detectives. Later that day, Young and Smith rented a larger storage unit at the facility. Young and Smith moved items to the larger unit using the pallet jack and box truck.

¶5        Between April 28, 2018 and May 9, 2018, the manager saw Young and Smith repeatedly going to and from the storage unit. Smith

entered the storage facility nearly every day, sometimes twice a day. On two occasions, video surveillance captured Smith leaving the facility with flattened boxes and at least one package that appeared to be intact.

**¶6** On May 10, 2018, the manager conducted another "walk-through" of the storage facility. The manager entered Young's unlocked storage unit, observing pallets of Amazon packages and the pallet jack. After the second "walk-through," the manager provided Young's rental agreement, gate entry logs, and screenshots of video surveillance to detectives. These records showed that, during the relevant period, Young's gate access code was used at least thirty times, the "overwhelming majority" thereof by Young and Smith.

**¶7** Detectives confirmed with Amazon that the property seen in the storage units came from their sorting center in April and May of 2018. Amazon valued the stolen property at approximately $61,000. Detectives executed search and seizure warrants and located approximately $15,000 worth of the stolen property. Young fled the state, avoiding apprehension.

**¶8** A grand jury indicted Smith on one count of theft of property valued at $25,000 or more, a class 2 felony offense. At trial, the State presented testimony and evidence gathered by detectives from Amazon representatives and the storage facility manager. Smith did not present evidence or testify at trial, as was his right.

**¶9** At the close of the State's case-in-chief, Smith unsuccessfully moved for a judgment of acquittal under Rule 20 of the Arizona Rules of Criminal Procedure ("Rule 20"). Smith argued the State failed to present sufficient evidence of the requisite mental state. Acknowledging the case lacked evidence of a "smoking gun," the superior court nonetheless found the State presented substantial evidence to support a conviction based on testimony from the manager and the "sheer number of [] times" Smith entered the storage facility.

**¶10** The jury convicted Smith of the theft of property count as charged. At sentencing, Smith referred to the superior court's statements in denying his Rule 20 motion as mitigation, arguing the court characterized the State's case as weak. The court noted the Rule 20 motion would be denied, if renewed, adding sufficient evidence supported Smith's conviction based on accomplice liability. The court found Smith had at least two prior felony convictions and committed the offense while on probation. The court sentenced Smith to the presumptive term of 15.75 years' imprisonment.

¶11 Smith timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶12 Smith argues the superior court abused its discretion in denying his Rule 20 motion for a judgment of acquittal because such denial violated his due process rights. *See* Ariz. R. Crim. P. 20(a)(1) (requiring the court to enter a judgment of acquittal "if there is no substantial evidence to a support a conviction").

¶13 We review for sufficiency of the evidence *de novo*, viewing the facts in the light most favorable to sustaining the verdict. *State v. Montes Flores*, 245 Ariz. 303, 308, ¶ 23 (App. 2018) (citing *State v. West*, 226 Ariz. 559, 562, ¶¶ 15–16 (2011)).

¶14 The superior court must enter a judgment of acquittal "if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). Substantial evidence is "such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *State v. Mathers*, 165 Ariz. 64, 67 (1990) (quoting *State v. Jones*, 125 Ariz. 417, 419 (1980)). The requirements of the due process clause are satisfied if, based on the evidence presented, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Montes Flores*, 245 Ariz. at 308, ¶ 23 (citing *West*, 226 Ariz. at 562, ¶ 16). The State need not negate every conceivable theory of innocence when guilt has been established by circumstantial evidence. *State v. Nash*, 143 Ariz. 392, 404 (1985).

¶15 As the jury was instructed in this case, a person commits theft, a class 2 felony, if, without lawful authority, he knowingly controls property of another, which is valued at an amount equal to or greater than $25,000, "knowing or having reason to know that the property was stolen." A.R.S. § 13-1802(A)(5), (G). Further, a person is guilty of an offense if, with the intent to promote or facilitate the commission of the offense, he "[a]ids, counsels, agrees to aid or attempts to aid another person in planning or committing an offense." A.R.S. § 13-301(2). Thus, a person is criminally accountable for another's conduct if he is "an accomplice of such other person in the commission of an offense including any offense that is a natural and probable or reasonably foreseeable consequence of the offense for which the person was an accomplice." A.R.S. § 13-303(A)(3).

¶16 Here, the State presented substantial evidence Young took property from Amazon's sorting center valued at far more than $25,000, removing it to his own storage units. *See* A.R.S. § 13-1802(A)(5), (G). Evidence also established Smith's constant presence at the storage facility, Smith's coordinated effort with Young to quickly process items in the storage units, and the suspicious appearance of those items. This evidence combined to demonstrate Smith acted, at the very least, as an accomplice in controlling, without lawful authority, property he knew or had reason to know was stolen property. *See* A.R.S. §§ 13-301, -303(A)(3), and -1802(A)(5). From these facts, the jury could properly infer that Smith intended to aid in the commission of the theft. *See State v. McNair*, 141 Ariz. 475, 480–81 (1984); *State v. Talley*, 112 Ariz. 268, 270 (1975); *State v. Ortiz*, 9 Ariz. App. 116, 118–19 (1969). Even if the evidence painted Young as the primary actor, the circumstances of Smith's assistance in the ongoing and coordinated "criminal venture" demonstrated his guilt as an accomplice. *See McNair*, 141 Ariz. at 480–81.

¶17 On the record before this court, a rational jury could have concluded beyond a reasonable doubt that Smith committed theft of property valued at $25,000 or more, or at the very least, was an accomplice to such theft. *See* A.R.S. §§ 13-301, -303, and -1802(A)(5), (G). The State presented substantial evidence to support the conviction, and the superior court properly denied Smith's Rule 20 motion. The court did not violate Smith's due process rights.

## CONCLUSION

¶18 We affirm Smith's conviction and sentence.

